UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------- x
In re

SATYAM COMPUTER SERVICES, LTD.
SECURITIES LITIGATION

09 MD 02027 (BSJ)

This Document Applies to ALL CASES
---------------------------------- x
**BARBARA S. JONES**
**UNITED STATES DISTRICT JUDGE**

  Before the Court is the application of a group of potential class members seeking appointment as co-lead plaintiffs and appointment of their attorneys as co-lead counsel, as well as a competing application by an individual institutional investor for its appointment as lead plaintiff. For the reasons that follow, the Court appoints the Global Institutional Investors, comprised of Mississippi Public Employees' Retirement System ("MPERS"), the Mineworkers Pension Fund ("Mineworkers"), SKAGEN A/S ("SKAGEN"), and Sampension KP Livsforsikring A/S ("Sampension"), to serve as co-lead plaintiffs. The Court also appoints the Global Institutional Investors' designated counsel, Grant and Eisenhofer P.A., Bernstein Litowitz Berger & Grossman LLP, Barrow Topaz Kessler & Check LLP, and Labaton Sucharow LLP, to serve as co-lead counsel.

## *DISCUSSION*

### 1. *Applicable Law*

  The Private Securities Litigation Reform Act of 1995 (the "PSLRA") requires the court to appoint a "lead plaintiff" in private securities class actions. 15 U.S.C. § 78u-4(a)(3)(B)(i). The "lead plaintiff" is "the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." *Id.* The Court has the discretion to appoint more than one lead

plaintiff and can evaluate in aggregate the characteristics of a group of lead plaintiff applicants. See 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *In re McDermott Intern., Inc. Securities Litigation*, 08-cv-9943, 2009 WL 579502, *2 (S.D.N.Y. March 6, 2009); *Constance Sczesny Trust v. KPMG LLP,* 223 F.R.D. 319, 323 (S.D.N.Y. 2004)

The determination of the "most capable" class representative entails a two-step process.

First, the PSLRA sets forth a rebuttable presumption that "the most adequate plaintiff" is "the person or group of persons" who (a) has either filed the complaint or made a motion for appointment as lead plaintiff, (b) has "the largest financial interest in the relief sought by the class," and (c) "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Hence, the court must first determine which member (or group of members) of the proposed class is entitled to this statutory presumption. *See, e.g., Constance Sczesny Trust,* 223 F.R.D. at 323. In deciding which proposed lead plaintiff has "the largest financial interest in the relief sought by the class," courts consider four factors: "(i) the gross number of shares purchased; (ii) the net number of shares purchased; (iii) the net funds spent; and (iv) the net loss." *In re Initial Pub. Offering Sec. Litig.,* 214 F.R.D. 117, 121 (S.D.N.Y.2002) (citing *In re Crayfish Co. Sec. Litig,* No. 00 Civ. 6766, 2002 WL 1268013, at *4 (S.D.N.Y. June 6, 2002)); *accord Constance Sczesny Trust,* 223 F.R.D. at 323 (quoting *Ferrari v. Impath, Inc.,* 03 Civ. 5667, 2004 WL 1637053, at *4 (S.D.N.Y. July 20, 2004) (citing *In re Olsten Corp. Sec. Litig.,* 3 F.Supp.2d 286, 296 (E.D.N.Y.1998))). As for the requirements of Rule 23, at this stage a proposed lead plaintiff need only make a "preliminary showing" that it will satisfy the typicality and adequacy requirements of

Rule 23. *In re Initial Pub. Offering Sec. Litig.*, 214 F.R.D. at 121 (quoting *In re Crayfish Co. Sec. Litig,* 2002 WL 1268013, at *4); *see also Constance Sczesny Trust.* 223 F.R.D. at 323-24.

Second, once the court determines which class member (or group of members) is entitled to the presumption, other members of the purported class may try to rebut the presumption by showing that the presumptive lead plaintiff will not fairly and adequately protect the interests of the class or is, because of "unique defenses," incapable of adequately representing the class. *Id.; see* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

## 2. *Appointment of Lead Plaintiff*

Several purported class members or groups of purported class members filed timely applications for appointment as lead plaintiff in this case. At a conference held on May 7, 2009, the Court was informed that all timely applicants for lead plaintiff status, save one, have either withdrawn their applications or currently support the appointment of the Global Institutional Investors. The Labourers Pension Fund of Central and Eastern Canada ("Labourers") is the only remaining applicant in opposition to the Global Institutional Investors. The Court will briefly address these two competing applications.

*Financial Interest*

The Global Institutional Investors is comprised of the following members, with the following claimed losses: SKAGEN ($16,806,144.11); MPERS ($12,672,291.36), Mineworkers ($8,310,926), and Sampension ($2,444,421.20). Their losses total over $40m.

Labourers claims losses of $335,649.

The Global Institutional Investors represent the largest financial interest in this litigation.

*Rule 23 Requirements*

Complaints in this consolidated case were filed on behalf of all those who purchased Satyam's American Depository Shares ("ADSs") between January 6, 2004 and January 6, 2009. On January 29, 2009, a notice was filed informing investors who purchased Satyam "[ADSs] and/or common stock" that an action was commenced against Satyam and advising them of their right to seek appointment as lead plaintiff.[1] The class in this consolidated action may potentially encompass investors based in the U.S. and foreign jurisdictions who purchased Satyam ADSs and common stock. These investors have a broad range of interests to protect and various defenses to overcome. The lead plaintiff or co-lead plaintiffs must therefore be capable of adequately representing all these diverse interests.

The Global Institutional Investors are comprised of several representative members. SKAGEN, Sampension, and Mineworkers represent the interests of potential class members who bought Satyam ADSs in U.S. markets. (In addition, because these parties sold their securities at different periods during the proposed class period, they are well-situated to represent the full range of potential ADS purchasers.) MPERS represents the interests of potential class members who are U.S. citizens and who purchased Satyam common stock. In sum, the members of the Global Institutional

---

[1] At this stage, it is appropriate to consider the potential class as described in both the complaints and the notices filed pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa). *See Piven v. Sykes Enterprises, Inc.*, 137 F.Supp.2d 1295, 1303 (M.D.Fla.,2000); *In re Telxon Corp. Securities Litigation,* 67 F.Supp.2d 803, 818 (N.D.Ohio 1999)

The Court finds that this presumption has not been rebutted. As stated above, the Global Institutional Investors have made a preliminary showing that they will fairly and adequately protect the diverse interests of all plaintiffs. No other party has rebutted this showing, and the Court is satisfied that the Global Institutional Investors will serve as the most adequate lead plaintiff.

The Court hereby appoints the Global Institutional Investors to act as co-lead plaintiffs for this class action.

### 3. *Appointment of Lead Plaintiff's Counsel*

The PSLRA provides that the "most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 87u-4(a)(3)(B)(iv).

The Global Institutional Investors have selected four law firms, Grant and Eisenhofer P.A., Bernstein Litowitz Berger & Grossman LLP, Barrow Topaz Kessler & Check LLP, and Labaton Sucharow LLP, to represents them. In support of this selection, the Court has received resumes of these law firms, describing many securities class actions or other actions in which these firms served as counsel or, in many cases, lead or co-lead counsel.

These firms indicate that they have already agreed to a division of labor and a recording system that will satisfy the Court's Initial Case Management Order, filed on April 27, 2009. The Court finds these efforts indicative of counsel's ability to act effectively as co-lead counsel and ensure that there is "no duplication of attorneys' services, and the use of co-lead counsel does not in any way increase attorneys' fees and expenses." *Rozenboom v. Van Der Moolen Holding, N.V.*, No. 03-cv-8284, 2004 WL

816440, at *7 (S.D.N.Y April 14, 2004); *In re Donnkenny Inc. Sec. Litig.*, 171 F.R.D. 156, 157-58 (S.D.N.Y.1997).

Having reviewed these resumes and the papers submitted in connection with these motions, and in light of the counsels' representations concerning the organization of co-lead counsel, the Court finds that the law firms selected by the Global Institutional Investors are qualified to represent the class members in this securities litigation.

Therefore, the selection of Grant and Eisenhofer P.A., Bernstein Litowitz Berger & Grossman LLP, Barrow Topaz Kessler & Check LLP, and Labaton Sucharow LLP is approved.

## *CONCLUSION*

For the reasons set forth above, the Global Institutional Investors group is APPOINTED to serve as lead plaintiff in this case, and its choice of counsel is APPROVED.

SO ORDERED:

_____
Barbara S. Jones
UNITED STATES DISTRICT JUDGE

Dated:   New York, New York
         May 12, 2009