UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re:

SATYAM COMPUTER SERVICES LTD.
SECURITIES LITIGATION

This Document Applies to: All Cases

09 MD 2027 (BSJ)
(Consolidated Action)

# MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF DIRECTOR DEFENDANTS T.R. PRASAD, M. RAMMOHAN RAO AND V.S. RAJU TO QUASH SERVICE OF PROCESS OR, IN THE ALTERNATIVE, TO DISMISS THE CONSOLIDATED CLASS ACTION COMPLAINT

Irwin H. Warren (IW-1168)
Miranda S. Schiller (MS-9456)
Margarita Platkov (MP-1615)
Evert J. Christensen (Admitted in DE only)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Tel: (212) 310-8000
Fax: (212) 310-8007

Attorneys for Defendants T.R. Prasad,
M. Rammohan Rao and V.S. Raju

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT .................................................................................................. 1

BACKGROUND ............................................................................................................................ 2

ARGUMENT .................................................................................................................................. 3

I.    SERVICE SHOULD BE QUASHED AND THE COMPLAINT SHOULD BE DISMISSED PURSUANT TO RULE 12(B)(5) BECAUSE PLAINTIFFS DID NOT COMPLY WITH THE HAGUE CONVENTION ................................................... 3

    A.    Plaintiffs are Required to Serve the Indian Directors Pursuant to the Hague Convention ................................................................................................................ 3

        1.    The Requirements of the Hague Convention ............................................. 4

        2.    Merely Initiating But Not Completing Service Does Not Comport with the Hague Convention ....................................................................... 5

    B.    Because Plaintiffs Failed to Serve the Indian Directors Pursuant to the Hague Convention, Service is Defective and Must Be Quashed, and the Complaint Should be Dismissed, Under Rule 12(b)(5) ........................................ 7

II.    IN THE ALTERNATIVE, THE COMPLAINT SHOULD BE DISMISSED PURSUANT TO RULES 9(B) AND 12(B)(6) AND THE PSLRA ................................ 7

CONCLUSION ............................................................................................................................... 8

## TABLE OF AUTHORITIES

**Cases:**                                                                                                           **Page(s)**

*Burda Media, Inc. v. Viertel*,
    417 F.3d 292 (2d Cir. 2005)......................................................................................6

*Darden v. DaimlerChrysler N. Am. Holding Corp.*,
    191 F. Supp. 2d 382 (S.D.N.Y. 2002).........................................................................3

*Fagan v. Deutsche Bundesbank*,
    438 F. Supp. 2d 382 (S.D.N.Y. 2006).........................................................................3

*Ferrostaal, Inc. v. Haci Hassan Yardim*,
    2006 WL 2819585 (S.D.N.Y. Sept. 29, 2006).........................................................3, 7

*Gateway Overseas, Inc. v. Nishat (Chunian) Ltd.*,
    2006 WL 2015188 (S.D.N.Y. July 13, 2006) ...............................................................7

*Omni Capital Int'l v. Rudolf Wolff & Co.*,
    484 U.S. 97 (1987).......................................................................................................3

*Volkswagenwerk Aktiengesellschaft v. Schlunk*,
    486 U.S. 694 (1988)................................................................................................4, 5

**Statutes and Rules:**

Fed. R. Civ. P. 4............................................................................................3, 4, 5, 6, 7

Fed. R. Civ. P. 9....................................................................................................1, 7, 8

Fed. R. Civ. P. 12.............................................................................................1, 2, 3, 7, 8

Indian Civil Procedure Code, 1908 Order V, rule 9 (amended 2002) ............................2

Hague Convention, T.I.A.S. No. 6638, 1969 Wl 97765 (Feb. 10, 1969) ..............1, 5, 6, 7

Defendants M. Rammohan Rao, V.S. Raju and T.R. Prasad (the "Indian Directors"), former directors of Satyam Computer Services Ltd. (the "Company"), submit this memorandum in support of their motion to quash service of process and dismiss pursuant to Fed. R. Civ. P. 12(b)(5) or, in the alternative, to dismiss the Consolidated Class Action Complaint (the "Complaint"), pursuant to Rules 9(b) and 12(b)(6), and the Private Securities Litigation Reform Act ("PSLRA").

## PRELIMINARY STATEMENT

It is fundamental that a plaintiff must satisfy the procedural requirements of service of process before a court can properly exercise personal jurisdiction over a defendant. The Indian Directors are citizens and residents of the Republic of India, a signatory to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the "Hague Convention").[1]  Although plaintiffs purport to have served the Indian Directors with the summons and complaint, their proofs of service do not show compliance (and plaintiffs' counsel have acknowledged that they have not complied) with the Hague Convention.[2]  Given that the Indian Directors are residents of India, and India is a signatory to the Hague Convention, the *only* means of properly effecting service upon them in this case was by compliance with the procedures specified in the Hague Convention, for compliance with its terms is mandatory.  Because plaintiffs have not served the Indian Directors

---

[1] T.I.A.S. No. 6638, 1969 WL 97765 (Feb. 10, 1969).

[2] Counsel for the Indian Directors represent that they have consulted in good faith with Plaintiffs' counsel before filing this motion.  During a teleconference among counsel on October 16, 2009, Plaintiffs' counsel acknowledged that service had not been completed pursuant to the Hague Convention.  Counsel for the Indian Directors have not been apprised of any completion of service thereafter.

pursuant to the Hague Convention, service is defective and should be quashed; and the Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(5).

In the alternative, and without waiving their objection to service, the Indian Directors move to dismiss the Complaint for failure to state or properly plead a claim against them. In that regard, they rely upon and expressly adopt and incorporate by reference the arguments set forth in the Memorandum of Law in Support of the Director Defendants' Motions to Dismiss the Consolidated Class Action Complaint (the "Directors' Brief"), filed contemporaneously herewith.

## BACKGROUND

Plaintiffs purport to have made personal service on the Indian Directors by delivering a copy of the summons and complaint to: (i) V.S. Raju on September 11, 2009 [Docket No. 31]; (ii) M. Rammohan Rao on September 18, 2009 [Docket No. 38]; and (iii) T.R. Prasad on September 20, 2009 [Docket No. 30].[3] Plaintiffs represent that an individual personally delivered a copy of the Summons and Complaint to each of the Indian Directors at their respective homes or offices. In addition, each "Affidavit of Personal Service" is accompanied by a letter from plaintiffs' counsel to the Indian Directors that states:

> You are hereby served in compliance with the Indian Civil Procedure Code, 1908 Order V, Rule 9 (amended 2002) . . . . *Service of Process under the Hague Convention has also been initiated*. You are required to file your response to the Consolidated Class Action Complaint by October 16, 2009.

*See* Schiller Aff. Exs. A, B and C (emphasis added). Thus, even plaintiffs' counsel acknowledges that Service of process under the Hague Convention had not been effectuated, only "initiated."

---

[3] Plaintiffs' "Affidavits of Personal Service" are attached as Exhibits A, B and C to the accompanying Affidavit of Miranda S. Schiller (the "Schiller Aff.").

**ARGUMENT**

I.  **SERVICE SHOULD BE QUASHED AND THE COMPLAINT SHOULD BE DISMISSED PURSUANT TO RULE 12(B)(5) BECAUSE PLAINTIFFS DID NOT COMPLY WITH THE HAGUE CONVENTION**

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987); *see also Ferrostaal, Inc. v. Haci Hassan Yardim*, 2006 WL 2819585, at *2 (S.D.N.Y. Sept. 29, 2006) ("Valid service of process is an indispensable prerequisite to the assertion of personal jurisdiction over a defendant."). "'When a defendant raises a Rule 12(b)(5) challenge to the sufficiency of service of process, the plaintiff bears the burden of proving its adequacy.'" *Fagan v. Deutsche Bundesbank,* 438 F. Supp. 2d 376, 385 (S.D.N.Y. 2006) (citation omitted) (dismissing action under Rule 12(b)(5) for insufficient service). "[I]n considering a motion to dismiss pursuant to 12(b)(5) for insufficiency of process, a Court must look to matters outside the complaint to determine whether it has jurisdiction." *Id.* (quoting *Darden v. DaimlerChrysler N. Am. Holding Corp.*, 191 F. Supp. 2d 382, 387 (S.D.N.Y. 2002) (finding service of process insufficient under the Hague Convention)). Plaintiffs were required to serve the Indian Directors in accordance with the Hague Convention but their affidavits and correspondence establish that they have not done so. In light of the deficient service of process, the Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(5).

A.  **Plaintiffs are Required to Serve the Indian Directors Pursuant to the Hague Convention**

Rule 4 of the Federal Rules of Civil Procedure prescribes the means by which a plaintiff must serve a summons and complaint. The Indian Directors are located in India: thus, the acceptable methods of service are set forth in Rule 4(f), which provides, in pertinent part:

> Serving an Individual in a Foreign Country. Unless federal law provides otherwise, an individual . . . may be served at a place not within any judicial district of the United States:
>
> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extra Judicial Documents; [or]
>
> (2) *if there is no internationally agreed means*, or if an international agreement allows but does not specify other means, by a method of service that is reasonably calculated to give notice:
>
>> (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction . . . .

Fed. R. Civ. P. 4(f) (emphasis added).

In this case, there is an "internationally agreed means of service" in place between the United States and India: both countries are signatories to the Hague Convention. Plaintiffs thus were required to serve the Indian Directors pursuant to Rule 4(f)(1).

### 1. The Requirements of the Hague Convention

"The Hague Service Convention is a multilateral treaty that was formulated in 1964 . . . to provide a simpler way to serve process abroad, to assure that defendants sued in foreign jurisdictions would receive actual and timely notice of the suit, and to facilitate proof of service abroad." *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 698 (1988). The Supreme Court has described the process for serving a defendant in a foreign country under the Hague Convention as follows:

> The primary innovation of the Convention is that it requires each state to establish a central authority to receive requests for service of documents from other countries. Once a central authority receives a request in the proper form, it must serve the documents by a method prescribed by the internal law of the receiving state or by a method designated by the requester and compatible with that law. The central authority must then provide a certificate of service that conforms to a specified model.

*Id.* at 698-99 (citations omitted).

By its terms, the Hague Convention "'shall apply in all cases, in civil or commercial matters, where there is occasion to transmit a judicial or extrajudicial document for service abroad.'" *Id.* at 699 (quoting Hague Convention, Art. 1). As the Supreme Court noted in *Schlunk*, "[t]his language is mandatory." *Id.* "Thus compliance with the Convention is mandatory in all cases to which it applies . . . ." *Id.* at 705.

### 2. Merely Initiating But Not Completing Service Does Not Comport with the Hague Convention

India became a signatory to the Hague Convention as of August 1, 2007[4] and has designated The Ministry of Law and Justice as the Central Authority for purposes of Article II of the Hague Convention.[5] Furthermore, India has made clear that service through its Central Authority is the only means by which a foreign plaintiff can effect service of process on an Indian defendant pursuant to the Hague Convention: for India has expressly objected to the alternative methods of service provided for in Article 10 of the Hague Convention,[6] including

---

[4] *See* Schiller Aff. Ex. D (Signatory Country Status webpage). Information about each country's status under the Hague Convention is available at http://www.hcch.net/index_en.php. For the Court's convenience, copies of the web pages containing pertinent information with respect to India's status under the Convention are attached as exhibits to the Schiller Affidavit.

[5] *See* Schiller Aff. Ex. E (Central Authority webpage).

[6] Article 10 of the Hague Convention provides:

> *Provided the State of destination does not object*, the present Convention shall not interfere with –
>
> (a) the freedom to send judicial documents, by postal channels, directly to persons abroad,
>
> (b) the freedom of judicial officers, officials or other competent persons of the State of origin to effect service of judicial documents directly through the judicial officers, officials or other competent persons of the State of destination,

personal service "directly through judicial officers, officials or other competent persons of the State of destination," as provided for in Article 10(b).[7]

Because India and the United States are both signatories to the Hague Convention, plaintiffs were required to (but they did not) serve the Indian Directors pursuant to the Hague Convention, in order to satisfy the requirements of Rule 4.  *See, e.g., Burda Media, Inc. v. Viertel*, 417 F.3d 292, 299-300 (2d Cir. 2005) ("Federal Rule of Civil Procedure 4(f) governs service upon individuals in foreign countries, such as Viertel. . . . [B]oth the United States and France are signatories to the Hague Convention, and thus service of process on a defendant in France is governed by the Hague Convention.").  Personal delivery of process to a defendant is not a substitute for compliance with the Hague Convention and is ineffective.

As discussed above, compliance with the Hague Convention is not optional, but rather is "mandatory in all cases to which it applies."  *Schlunk*, 486 U.S. at 705; *see also Burda Media*, 417 F.3d at 299-300; *see also* Hague Convention, Art. 1.  Moreover, Rule 4 is disjunctive.  Thus, because Rule 4(f)(1) -- which expressly provides for service pursuant to an "internationally agreed means," such as the Hague Convention -- applies in this case, other subdivisions of Rule 4(f) do not apply here.  Although Rule 4(f)(2)(A) contemplates that a plaintiff, in some instances, could properly effect service of process on a defendant in a foreign country pursuant to that foreign country's laws, as plaintiffs attempted to do here, that provision is limited on its face to instances where "there is no internationally agreed upon means."  Fed R.

---

(c) the freedom of any person interested in a judicial proceeding to effect service of judicial documents directly through the judicial officers, officials or other competent persons of the State of destination.

T.I.A.S. No. 6638, 1969 WL 97765.

[7] *See* Schiller Aff. Ex. F (Objections webpage).

Civ. P. 4(f)(2). Accordingly, plaintiffs' attempt to serve the Indian Directors other than pursuant to the Hague Convention is ineffective -- and their statements that service pursuant to that Convention merely has been "initiated" confirm both the requirement to satisfy and their non-compliance with the Convention.

### B. Because Plaintiffs Failed to Serve the Indian Directors Pursuant to the Hague Convention, Service is Defective and Must Be Quashed, and the Complaint Should be Dismissed, Under Rule 12(b)(5)

Rule 12(b)(5) permits the Court to quash service and to dismiss the complaint where service of process is insufficient. *See, e.g.*, *Gateway Overseas, Inc. v. Nishat (Chunian) Ltd.*, 2006 WL 2015188, at *2-4 (S.D.N.Y. July 13, 2006) (dismissing complaint pursuant to Rule 12(b)(5) because "[p]laintiff's attempted service of process by the use of an attorney to personally deliver the summons and complaint . . . is insufficient to meet the requirements of the Hague Convention"); *Ferrostaal*, 2006 WL 2819585, at *2 (quashing service of process under Rule 12(b)(5) because "[w]ith service by mail under Article 10(a) [of the Hague Convention] having been rejected by Turkey, this method of service is thus invalid for the defendants in this case"). Accordingly, plaintiffs' purported attempted service on the Indian Directors should be quashed and the Complaint should be dismissed.

### II. IN THE ALTERNATIVE, THE COMPLAINT SHOULD BE DISMISSED PURSUANT TO RULES 9(B) AND 12(B)(6) AND THE PSLRA

In the event that the Court were to deny the motion to quash, all claims against the Indian Directors should be dismissed for failure to plead facts sufficient to state a claim, pursuant to Rules 9(b) and 12(b)(6) and the PSLRA. The Indian Directors rely upon and expressly adopt and incorporate by reference the Directors' Brief, and the arguments therein.

## CONCLUSION

For the foregoing reasons, plaintiffs' attempted service of the summons and Complaint on the Indian Directors should be quashed and the Complaint dismissed pursuant to Rule 12(b)(5); or in the alternative, pursuant to Rules 9(b) and 12(b)(6) and the PSLRA.

Dated: New York, New York
November 16, 2009

    /s/ Irwin H. Warren
Irwin H. Warren (IW-1168)
Miranda S. Schiller (MS-9456)
Margarita Platkov (MP-1615)
Evert J. Christensen (Admitted in DE only)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Tel: (212) 310-8000
Fax: (212) 310-8007

Attorneys for Defendants T.R. Prasad, M. Rammohan Rao and V.S. Raju