UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **SATYAM COMPUTER SERVICES LTD., SECURITIES LITIGATION** | No. 09 MD 2027 (BSJ) (Consolidated Action) ECF Case |

**MEMORANDUM OF LAW IN SUPPORT OF VINOD K. DHAM'S MOTION TO DISMISS THE CONSOLIDATED CLASS ACTION COMPLAINT**

Upon reading the amended complaint ("AC"), it is hard to comprehend why Vinod Dham has been named a defendant in this action. The substantive allegations against Mr. Dham are limited to three substantive facts contained in but a single paragraph (AC ¶ 52): (1) he was a member of the Satyam board of directors "at all relevant times," (2) he signed a single Form S-8, dated January 2007, and (3) he resigned from the board on December 29, 2008. In another paragraph (AC ¶ 54), it is noted that he is only named as a defendant in three causes of action, namely three causes of action under the Securities Act, Sections 11, 12(a) and 15 (Counts IX, X and XI). These facts are an insufficient basis on which to keep him in this case.[1]

Mr. Dham is the only defendant not alleged to have ever been an officer or employee of Satyam, an outside auditor of Satyam, or a member of the Audit Committee. He is, by the very allegations of the amended complaint itself, the least involved of all the defendants. As explained in detail in Satyam's Motion to Dismiss at 14-24 and in the Directors' Brief at 25-27,

---

[1] Mr. Dham incorporates by reference the briefs filed by Satyam in its Motion to Dismiss the Consolidated Amended Complaint ("Satyam's Motion to Dismiss") (p. 14-24), by the other Directors in their "Memorandum of Law In Support of the Director Defendants' Motion to Dismiss the Consolidated Amended Complaint" ("Directors' Brief"), and by Krishna Palepu in his Motion to Dismiss the Consolidated Class Action Complaint ("Palepu Brief").

all of plaintiffs' allegations, Counts, and claims for relief sound in fraud.  Accordingly, plaintiffs must allege their claims with particularity, which they have not done against defendants generally, and certainly have not done with respect to Mr. Dham in particular.

Furthermore, the amended complaint also fails to sufficiently allege scienter with respect to Mr. Dham's involvement because it does not contain facts indicating that he even *could have known* of the alleged fraud, much less that he recklessly ignored it.  In *Schoenhaut v. American Sensors, Inc.*, the court granted defendant underwriters' motion to dismiss a complaint brought by investors who claimed there were material misrepresentations in a prospectus.  986 F. Supp. 785, 787 (S.D.N.Y 1997).  The court held that the Section 11 and 12(a)(2) claims could not be sustained because they failed to comply with the heightened pleading standard of Rule 9(b).  *Id.* at 795.  In reaching this holding, the court explained that "the Complaint [does not] contain any facts averring that the Underwriter defendants knew, could, or should have known that the allegedly fraudulent statements in the Prospectus were misleading when made." *Schoenhaut*, 986 F.Supp. at 795 (citing *In re Burlington Coat Factory Sec. Litig.,* 114 F.3d at 1421 (Rule 9(b) requires plaintiff to plead knowledge of falsity by person who made allegedly false representation)).

Similarly, in the current case, the amended complaint does not contain any facts stating that Mr. Dham knew, could, or should have known that the allegedly fraudulent statements in some of Satyam's SEC filings were misleading when he signed the Form S-8 that incorporated such filings by reference.  Instead, all the facts alleged in the amended complaint indicate that Mr. Dham could not have known of the alleged scheme.  As described in other briefing before this Court, the auditors gave "clean opinions" every year.  (Directors' Brief at 3.)  Plaintiffs plead no fact suggesting any reason why Mr. Dham, as an outside director, who was not even on

the Audit Committee, had any reason not to accept and rely on these "clean opinions." Even Raju's resignation letter stated that the directors were not aware of or involved in any wrongdoing. *Id.*

As discussed in the Directors' Brief, plaintiffs' statement that they "expressly disclaim[] any claim of fraud" against Mr. Dham does not relieve Plaintiffs from the heightened pleading standard of Rule 9(b), where the claims against him nevertheless sound in fraud. *In re Axis Capital Holdings Ltd. Securities Litigation,* 456 F.Supp.2d 576, 598 (S.D.N.Y. 2006). Plaintiffs' claims sound in fraud because the "sole allegations supporting the falsity element of the Section 11 and Section 12(a)(2) claims [against Mr. Dham] are all inextricably intertwined" with Plaintiffs' fraud claims against other defendants. *In re Axis,* 456 F.Supp.2d at 598; (Directors' brief at 25-27.)

In sum, nothing in the amended complaint comes anywhere close to showing negligence, much less fraud, as against Mr. Dham, and for this reason alone, the complaint should be dismissed as against him.

Finally, to satisfy the control element in the Section 15 claim, "[a]ctual control" over both the primary violator and the transactions in question is necessary. *In re Global Crossing, Ltd. Sec. Litig.*, 2005 WL 1875445 at *3 (S.D.N.Y. Aug. 5, 2005) ("To be liable as a control person, the defendant must actually possess, in fact, rather than in theory, the ability to direct the actions of the controlled person."); *see also In re CINAR Corp. Sec. Litig.*, 186 F. Supp. 2d 279, 319 (E.D.N.Y. 2002).[2] Mere status — holding a position as an officer or director, being a

---

[2] The control person provisions of Section 15 of the Securities Act and Section 20(a) of the Exchange Act "are essentially parallel" and "are interpreted in the same manner." *In re Global Crossing*, 2005 WL 1881514 at *11; *see also In re Asia Pulp & Paper Securities Litigation*, 293 F.Supp.2d 391, 395 (S.D.N.Y. 2003) ("The control person liability provisions of Section 20(a) of the Exchange Act are analogous to those of Section 15 of the Securities Act. Although worded differently, both provisions are generally interpreted the same way.").

shareholder, or having any other particular relationship — is not sufficient.  *See, e.g., Sloane Overseas Fund, Ltd. v. Sapiens Int'l Corp., N.V.*, 941 F. Supp. 1369, 1378-79 (S.D.N.Y. 1996).  The test for control is not a categorical one, but rather is functional, and based on the actual exercise of control.  *See, e.g., CINAR*, 186 F. Supp. 2d at 319; *In re Complete Mgmt. Sec. Litig.*, 153 F. Supp. 2d 314, 331 (S.D.N.Y.  2001).

The allegations in the amended complaint make no showing at all that Mr. Dham had *actual control* over the alleged primary violators.  The complaint merely alleges that he was a member of the Board of Directors, but as the above-cited case law demonstrates, this status alone is not sufficient to allege actual control.  There are no allegations that Mr. Dham had the power to influence what the Compliant itself pleads to have been the Officer defendants' de facto exercise of complete control over the fraud at Satyam.  For this reason, the Section 15 allegations are insufficient as a matter of law against Mr. Dham and should also be dismissed.

| | |
|---|---|
| Dated: San Francisco, California<br>November 16, 2009 | COOLEY GODWARD KRONISH LLP<br>GORDON C. ATKINSON (GA-8337) |
| | By:    /s/ Gordon C. Atkinson<br>    Gordon C. Atkinson (GA-8337))<br>    Cooley Godward Kronish LLP<br>    101 California Street, 5th Floor<br>    San Francisco, CA  94111<br>    Telephone:  (415) 693-2000<br>    Facsimile:  (415) 693-2000<br>    E-mail:    atkinsongc@cooley.com<br><br>Attorneys for Defendant<br>VINOD K. DHAM |