USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/12/11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: SATYAM COMPUTER SERVICES LTD. SECURITIES LITIGATION | No. 09-MD-2027-BSJ<br><br>**PRELIMINARY APPROVAL ORDER PROVIDING FOR NOTICE AND HEARING IN CONNECTION WITH PROPOSED CLASS ACTION SETTLEMENT WITH THE PWC ENTITIES** |

WHEREAS, on April 27, 2011, the Public Employees' Retirement System of Mississippi, Mineworkers' Pension Scheme, SKAGEN AS, and Sampension KP Livsforsikring A/S (collectively, "Lead Plaintiffs"), on behalf of themselves and the Class, named plaintiffs International Brotherhood of Electrical Workers Local Union #237 ("IBEW") and Brian F. Adams and defendants PricewaterhouseCoopers International Limited, Price Waterhouse (Bangalore), PricewaterhouseCoopers Private Limited, PricewaterhouseCoopers LLP ("PwC USA"), and Lovelock & Lewes (together the "PwC Entities" or the "Settling Defendants") entered into a stipulation and agreement of settlement (the "Stipulation") in the above-titled litigation (the "Action"), which is subject to review under Rule 23 of the Federal Rules of Civil Procedure and which, together with the exhibits thereto, sets forth the terms and conditions of the proposed settlement of the claims alleged in the First Amended Consolidated Class Action Complaint (the "Complaint") against the PwC Entities on the merits and with prejudice (the "Settlement"); and the Court having read and considered the Stipulation and the accompanying exhibits; and the settling parties to the Stipulation having consented to the entry of this Order; and all capitalized terms used in this Order that are not otherwise defined herein having the meanings defined in the Stipulation;

NOW, THEREFORE, IT IS HEREBY ORDERED, this 12th day of May, 2011 that:

1. The Court has reviewed the Stipulation and preliminarily finds the Settlement set forth therein to be fair, reasonable and adequate, subject to further consideration at the Settlement Hearing described below.

2. Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court hereby certifies, for the purposes of the Settlement only, the Action as a class action on behalf of all persons and entities who: (a) purchased or otherwise acquired Satyam Computer Services Ltd. ("Satyam") American Depositary Shares ("ADSs") traded on the New York Stock Exchange (the "NYSE"); and/or (b) were investors residing in the United States at the time they purchased or otherwise acquired Satyam ordinary shares traded on the National Stock Exchange of India or the Bombay Stock Exchange (the "Indian Exchanges"), during the period from January 6, 2004 through January 6, 2009 inclusive (the "Class Period") and who were damaged thereby (the "Class"). The Class includes the Sub-Classes consisting of: (a) all persons who exercised options to purchase Satyam ADSs pursuant to Satyam Employee ADS Plans during the Class Period and who were damaged thereby; and (b) all United States residents who exercised options to purchase Satyam ordinary shares pursuant to Satyam Employee Ordinary Share Option Plans during the Class Period and who were damaged thereby. Excluded from the Class are the Defendants; persons who, during the Class Period, were officers and/or directors of Satyam or of its parent, subsidiaries and/or affiliates; persons who, during the Class Period, were officers, directors, members or partners in any other entity Defendant or any of their respective parents, subsidiaries and/or affiliates; any entity in which any Defendant has or had a controlling interest; the Defendants' liability insurance carriers and any affiliates or subsidiaries thereof; members of the

2

immediate families of any of the foregoing and their legal representatives, heirs, successors or assigns. Also excluded from the Class are any Class Members who properly exclude themselves by filing a valid and timely request for exclusion in accordance with the requirements set forth in the Notice.

3. The Court finds and concludes for the purposes of the Settlement only, and only with respect to Class Members who do not validly exclude themselves from the Class and the Settlement, that the prerequisites of class action certification under Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure have been satisfied for the Class defined herein in that:

(a) the members of the Class are so numerous that joinder of all Class Members is impracticable;

(b) there are questions of law and fact common to the Class Members;

(c) the claims of Lead Plaintiffs are typical of the Class's claims and the claims of plaintiff Brian F. Adams are typical of the Sub-Classes' claims;

(d) Lead Plaintiffs, class representatives IBEW and Brian F. Adams and Lead Counsel have fairly and adequately represented and protected the interests of the Class and the Sub-Classes;

(e) the questions of law and fact common to the Class Members predominate over any individual questions; and

(f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4. The certification of the Class for purposes of Settlement only, and only with respect to Class Members who do not validly exclude themselves from the Class and the Settlement, is

without prejudice to any claims or defenses the Settling Defendants may have against Persons who are not members of, or are excluded from, the Class.

5. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, Lead Plaintiffs and IBEW are certified as Class Representatives for the Class and plaintiff Brian F. Adams is certified as Class Representative for the Sub-Classes. The law firms of Grant & Eisenhofer P.A., Bernstein Litowitz Berger & Grossmann LLP, Barroway Topaz Kessler Meltzer & Check, LLP and Labaton Sucharow LLP are appointed Class Counsel for the Class and the Sub-Classes. Sub-Classes Representative Brian F. Adams is also represented by additional counsel Gainey & McKenna, LLP.

6. A hearing (the "Settlement Hearing") pursuant to Rule 23(e) of the Federal Rules of Civil Procedure is hereby scheduled to be held before the Court on September 8, 2011 at 3:00 p.m. for the following purposes:

(a) to determine whether the proposed Settlement is fair, reasonable and adequate, and should be approved by the Court;

(b) to determine whether the Final Order and Judgment as to the PwC Entities ("Judgment") as provided under the Stipulation should be entered, and to determine whether the release by the Class of the Released Plaintiffs' Claims, as set forth in the Stipulation, should be provided to the Released Settling Defendants Parties;

(c) to determine whether the Court should affirm its certification, for purposes of the Settlement only, and only with respect to Class Members who do not validly exclude themselves from the Class and the Settlement, of the Class; affirm its appointment of Lead Plaintiffs Public Employees' Retirement System of Mississippi, Mineworkers' Pension Scheme, SKAGEN AS, Sampension KP Livsforsikring A/S, and class representative IBEW as Class

---

Representatives for the Class; affirm its appointment of plaintiff Brian F. Adams as Class Representative for the Sub-Classes; and affirm its appointment of the law firms of Grant & Eisenhofer P.A., Bernstein Litowitz Berger & Grossmann LLP, Barroway Topaz Kessler Meltzer & Check, LLP and Labaton Sucharow LLP as Class Counsel for the Class and the Sub-Classes;

   (d) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved by the Court;

   (e) to consider Lead Counsel's application for an award of attorneys' fees and reimbursement of expenses (which may include an application for an award to Lead Plaintiffs and/or the Sub-Classes Representative for reimbursement of their reasonable costs and expenses directly related to their representation of the Class and Sub-Classes, respectively); and

   (f) to rule upon such other matters as the Court may deem appropriate.

  7. The Court reserves the right to approve the Settlement with or without modification and with or without further notice of any kind. The Court further reserves the right to enter the Judgment approving the Settlement regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and/or expenses. The Court may also adjourn the Settlement Hearing or modify any of the dates herein without further notice to members of the Class.

  8. The Court approves the form, substance and requirements of the Notice of (I) Pendency of Class Action; (II) Proposed Settlements with Satyam Computer Services Ltd. and the PwC Entities; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Expenses (the "Joint Notice") and the Proof of Claim and Release Form ("Proof of Claim"), substantially in the forms annexed hereto as Exhibits 1 and 2, respectively.

  9. The Court approves the retention of Rust Consulting, Inc. as the Claims Administrator. The Claims Administrator shall cause the Joint Notice and the Proof of Claim,

substantially in the forms annexed hereto, to be mailed, by first-class mail, postage prepaid, on or before ten (10) business days after entry of this Order ("Notice Date"), to all Class Members who can be identified with reasonable effort.

10. The Claims Administrator shall use reasonable efforts to give notice to nominee purchasers such as brokerage firms and other persons or entities who purchased or otherwise acquired Satyam ADSs traded on the NYSE or ordinary shares traded on the Indian Exchanges on behalf of persons residing in the United States during the Class Period as record owners but not as beneficial owners. Such nominee purchasers are directed, within seven (7) calendar days of their receipt of the Joint Notice, to either (a) provide the Claims Administrator with lists of the names and last known addresses of those beneficial owners who may be Class Members, and the Claims Administrator is ordered to send the Joint Notice and Proof of Claim promptly to such identified beneficial owners by first-class mail, or (b) request additional copies of the Joint Notice and Proof of Claim, and within seven (7) calendar days of receipt of such copies send them by first-class mail directly to those beneficial owners. Nominee purchasers who elect to send the Joint Notice and Proof of Claim to their beneficial owners shall also send a statement to the Claims Administrator confirming that the mailing was made as directed. Additional copies of the Joint Notice shall be made available to any record holder requesting such for the purpose of distribution to beneficial owners who may be Class Members, and such record holders shall be reimbursed from the Settlement Fund, after receipt by the Claims Administrator of proper documentation, for their reasonable expenses actually incurred in sending the Joint Notices and Proofs of Claim to such beneficial owners.

11. Lead Counsel shall, at or before the Settlement Hearing, file with the Court proof of mailing of the Joint Notice and Proof of Claim.

12.     The Court approves the form of the Summary Notice of (I) Pendency of Class Action; (II) Proposed Settlements with Satyam Computer Services Ltd. and the PwC Entities; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Expenses ("Joint Summary Notice"), substantially in the form annexed hereto as Exhibit 3, and directs that Lead Counsel shall cause the Joint Summary Notice to be published in *The Wall Street Journal, Investor's Business Daily and The Financial Times* and to be transmitted over *Business Wire* within fourteen (14) calendar days of the Notice Date. Lead Counsel shall, at or before the Settlement Hearing, file with the Court proof of publication of the Joint Summary Notice.

13.     The form and content of the notice program described herein, and the methods set forth herein of notifying the Class of the Settlement and its terms and conditions, meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 27(a)(7) of the Securities Act of 1933, 15 U.S.C. § 77z-1(a)(7), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the PSLRA, and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled thereto.

14.     In order to be eligible to receive a distribution from the Net Settlement Fund, in the event the Settlement is effected in accordance with the terms and conditions set forth in the Stipulation, each Class Member shall take the following actions and be subject to the following conditions:

(a)     A properly executed Proof of Claim, substantially in the form annexed hereto as Exhibit 2, must be submitted to the Claims Administrator, at the address indicated in the Joint Notice, postmarked no later than one hundred and twenty (120) calendar days after the

Notice Date. Such deadline may be further extended by Court Order. Each Proof of Claim shall be deemed to have been submitted when postmarked (if properly addressed and mailed by first-class mail, postage prepaid) provided such Proof of Claim is actually received prior to the motion for an order of the Court approving distribution of the Net Settlement Fund. Any Proof of Claim submitted in any other manner shall be deemed to have been submitted when it was actually received at the address designated in the Joint Notice. Any Class Member who does not timely submit a Proof of Claim within the time provided for shall be barred from sharing in the distribution of the Net Settlement Fund, unless otherwise ordered by the Court.

(b) The Proof of Claim submitted by each Class Member must satisfy the following conditions, unless otherwise ordered by the Court: (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by Lead Counsel; (iii) if the person executing the Proof of Claim is acting in a representative capacity, a certification of his, her or its current authority to act on behalf of the Class Member must be included in the Proof of Claim; and (iv) the Proof of Claim must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

(c) As part of the Proof of Claim, each Class Member shall submit to the jurisdiction of the Court with respect to the claim submitted.

15.    Class Members shall be bound by all orders, determinations and judgments in this Action, whether favorable or unfavorable, unless such Persons request exclusion from the Class in a timely and proper manner, as hereinafter provided. A Class Member wishing to make such an exclusion request shall mail the request in written form by first-class mail to the address designated in the Joint Notice for such exclusions, such that it is received no later than twenty (20) calendar days prior to the Settlement Hearing. Such request for exclusion must state the name, address and telephone number of the person seeking exclusion, that the sender requests to be "excluded from the Class in *In re Satyam Computer Services Ltd. Securities Litigation*, No. 09-MD-02027-BSJ (S.D.N.Y.)," and must be signed by such person. Such persons requesting exclusion are also directed to state: the date(s), price(s), and number(s) of shares of all purchases, acquisitions and sales of Satyam ADSs or ordinary shares, including those purchased pursuant to the exercise of employee stock options, during the Class Period,[1] and whether such persons were residents of the United States at the time of purchase or acquisition of the ordinary shares. The request for exclusion shall not be effective unless it provides all of the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court.

16.    Class Members requesting exclusion from the Class shall not be eligible to receive any payment out of the Net Settlement Fund as described in the Stipulation and Joint Notice or from any subsequent recoveries that may be obtained in the Action, unless otherwise ordered by the Court.

17.    The Court will consider any Class Member's objection to the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees or reimbursement of expenses only if such Class Member has served by mail, by hand or by overnight delivery his, her or its

---

[1] The exercise price of the option shall be the "purchase price" of the ADS or ordinary share and the exercise date of

9

written objection and supporting papers, upon designated Lead Counsel, Louis Gottlieb, Labaton Sucharow LLP, 140 Broadway, New York, New York 10005 and designated counsel for the PwC Entities, Michael Flynn, Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, NY 10017 and has filed said objections and any supporting papers with the Clerk of the Court, United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York 10007-1312 such that the objection and any supporting papers are received no later than twenty (20) calendar days prior to the Settlement Hearing. The objection must state the name, address and telephone number of the person submitting the objection, that the person "objects to the proposed settlement with the PwC Entities in the case known as: *In re Satyam Computer Services Ltd. Securities Litigation*, No. 09-MD-02027-BSJ (S.D.N.Y.)," the reasons for the objection, and must be signed by such person. Such persons submitting objections are also required to identify: the date(s), price(s), and number(s) of shares of all purchases, acquisitions and sales of Satyam ADSs or ordinary shares, including those purchased pursuant to the exercise of employee stock options, during the Class Period, and whether such persons were residents of the United States at the time of purchase or acquisition of the ordinary shares. Attendance at the Settlement Hearing is not necessary; however, persons wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees and other expenses are required to indicate in their written objection their intention to appear at the hearing. Persons who intend to object to the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees and expenses and desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to

---

the option shall be the purchase date of the ADS or ordinary share.

introduce into evidence at the Settlement Hearing. Class Members do not need to appear at the hearing or take any other action to indicate their approval.

19. Any Class Member who does not make his, her or its objection in the manner provided above, shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness or adequacy of the Settlement, to the Plan of Allocation, and/or to the application for an award of attorneys' fees and expenses, unless otherwise ordered by the Court, but shall otherwise be bound by the Judgment to be entered and the releases to be given.

19. Pending final determination of whether the Settlement should be approved, Lead Plaintiffs, all Class Members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence or prosecute any action which asserts Released Plaintiffs' Claims against any of the Released Settling Defendants Parties.

20. As provided in the Stipulation, prior to the Effective Date, the Settlement Fund may be utilized to pay, among other things, up to $250,000.00 of the reasonable fees and costs associated with giving notice to the Class and the review of claims and administration of the Settlement, for reasonable fees and costs in excess of those incurred in connection with the Notice and Administration Fund established in connection with the Satyam Settlement, without further approval from the Settling Defendants and without further order of the Court. Taxes and Compliance Costs may also be paid as provided in the Stipulation and without approval from the Settling Defendants and without further order of the Court.

21. All papers in support of the Settlement, Plan of Allocation, and Lead Counsel's request for an award of attorneys' fees and expenses (including any request for reimbursement for reasonable expenses for Lead Plaintiffs and/or class representatives) shall be filed with the Court

and served no later than thirty-eight (38) calendar days prior to the date set herein for the Settlement Hearing. If reply papers are necessary, they are to be filed with the Court and served no later than seven (7) calendar days prior to the Settlement Hearing.

22. The passage of the Settlement Fund to the Escrow Account in accordance with the terms and obligations of the Stipulation is approved.

23. The Court expressly reserves the right to adjourn the Settlement Hearing, or any adjournment thereof, without any further notice to Class Members other than an announcement at the Settlement Hearing, or any adjournment thereof, and to approve the Stipulation and/or the Plan of Allocation with modification approved by the parties to the Stipulation without further notice to Class Members.

24. Neither the Settling Defendants nor Settling Defendants' Counsel shall have any responsibility whatsoever for the Plan of Allocation nor for any application for attorneys' fees or reimbursement of litigation expenses submitted by Lead Counsel, and such matters will be considered separately from the fairness, reasonableness and adequacy of the Settlement.

25. All funds held in escrow shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court until such time as such funds shall be distributed pursuant to the Stipulation and/or further order of the Court.

26. If the Settlement fails to become effective as defined in the Stipulation or is terminated pursuant to the provisions of the Stipulation, then, in any such event, the Stipulation, including any amendment(s) thereof, except as expressly provided in the Stipulation, and this Preliminary Approval Order, including, without limitation, the certification of the Class for purposes of the Settlement, shall be null and void, of no further force or effect, and without prejudice to any Settling Party, and may not be introduced as evidence or used in any actions or

proceedings by any person or entity against the Settling Parties, and the Settling Parties shall be deemed to have reverted to their respective litigation positions in the Action immediately prior to March 8, 2011.

27. The administration of the proposed Settlement and the determination of all disputed questions of law and fact with respect to the validity of any Claim or right of any person or entity to participate in the distribution of the Net Settlement Fund shall be under the authority of this Court.

28. The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

Dated: May 12, 2011

_____
Honorable Barbara S. Jones
UNITED STATES DISTRICT JUDGE

# 529503