UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **SATYAM COMPUTER SERVICES LTD.,<br>SECURITIES LITIGATION** | No. 09 MD 2027 (BSJ)<br>(Consolidated Action)<br>ECF Case |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF VINOD K. DHAM'S
MOTION TO DISMISS THE FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT**

**I.   INTRODUCTION.**

Once again, there is virtually no substantive mention of defendant Vinod Dham in lead plaintiff's lengthy memorandum of law in opposition to the defendants' respective motions to dismiss the first amended complaint ("Opposition"). This essentially confirms what was already more than obvious from reading the First Amended Consolidated Class Action Complaint ("Amended Complaint"), as well as its prior iterations, which is that – even without the supposed "benefit" of also reading the Opposition – Mr. Dham was no more than an after-thought in the filing of this lawsuit, the drafting of the Amended Complaint, or the prosecution of this action.[1]

Plaintiffs, first in their Amended Complaint and now in their Opposition, have utterly failed to state a single fact (ignoring the numerous conclusory statements, which have no legal significance in the context of a motion to dismiss) that would provide this Court with any basis or rationale for keeping Mr. Dham in this case. He does not deserve to be named as a defendant, and he should now be dismissed forthwith.

---

[1] Mr. Dham incorporates by reference the arguments raised by (a) the other director defendants in their "Reply Memorandum of Law in Support of the Director Defendants' Motions to Dismiss the First Amended Consolidated Class Action Complaint" ("Directors' Reply"), and (b) Krishna Palepu in his "Reply Memorandum of Law in Support of Krishna G. Palepu's Motion to Dismiss the First Amended Consolidated Class Action Complaint" ("Palepu Reply"), each to the extent applicable and not expressly contrary to this reply memorandum.

1

II. **SCIENTER REQUIREMENTS HAVE NOT BEEN ADEQUATELY PLED IN THE AMENDED COMPLAINT, ESPECIALLY AS INCORPORATED INTO SECTION 11, 12(A) AND 15 CLAIMS BROUGHT UNDER THE SECURITIES ACT.[2]**

As explained in detail in the Directors' Reply and in other, prior briefing in this matter by the Directors (and others), all of plaintiffs' allegations, counts, and claims for relief sound in fraud. Plain and simple. Plaintiffs cannot, as a result, get away with a transparent attempt to plead and rely upon a *strict liability* standard for claims brought under Securities Act Sections 11, 12(a) or 15, certainly not here, where such claims are based on and incorporate the extensive allegations of fraud that are elsewhere set forth in the Amended Complaint. Plaintiffs would try to convince this Court that, by using a few magic words sprinkled into the Amended Complaint, they can undo the legal (and reputational) implications of their extensive allegations of myriad schemes of fraud in order to be afforded the luxury of relying on a relaxed pleading standard otherwise applicable to claims of strict liability.

The Amended Complaint must allege more than it has, and this it cannot do, especially not with respect to Mr. Dham's involvement in any supposed "fraudulent scheme." The Amended Complaint does not now – and indeed could not even if further amended – allege *facts* supporting that Mr. Dham knew *or could have known* of the carefully concealed management fraud that plaintiffs allege here, much less that he (or any Director) recklessly or even negligently ignored such facts or such fraud. Plaintiffs try to give the back of the hand to *Schoenhaut v. American Sensors, Inc.*[3] (discussed in Dham's moving brief at 2). Ignoring difficult precedent, however, does not make it go away. If anything, it highlights it.

Further, although the Amended Complaint tries mightily to hold onto the notion that it is

---

[2] Mr. Dham is not named in the Exchange Act allegations.
[3] 986 F. Supp. 785, 787 (S.D.N.Y 1997) (court held that a complaint cannot withstand scrutiny under Sections 11 and 12(a)(2) where it fails to allege "any facts averring that … defendants knew, could, or should have known that the allegedly fraudulent statements in the Prospectus were misleading when made."

sufficient for plaintiff to allege nothing more than strict liability, the plaintiffs' briefing on this motion (correctly) does not go nearly so far. Instead, the plaintiffs have apparently (and finally) acknowledged (as they must) that they have to allege and prove at least negligence, at the barest of minimums (Plaintiffs' Brief at 29-31), *quoting Rombach v. Chang,* 355 F.3d 164, 1671 (2d Cir.2004) (referring to plaintiffs' obligation to "allege no more than [but, in essence, no less than] negligence to proceed under Sections 11 and 12(a)(2).")

This is a key admission, as nothing in the Amended Complaint demonstrates a single fact indicating – even with the benefit of all allowable inferences – that Mr. Dham knew, should have known, or was negligent in not knowing, that the allegedly false or misleading statements in any of Satyam's SEC filings were false or misleading when he signed the Form S-8 in question (the gravamen of the Securities Act counts against Mr. Dham.) Instead, all the facts alleged in the Amended Complaint, if read fairly, only support the inference that Mr. Dham did not and could not have known of the alleged schemes. Plaintiffs plead no fact, and their Opposition does not suggest any that could be added by further amendment, providing any reason why Mr. Dham, an outside director who was never on the Audit Committee (or indeed, why any Audit Committee member), had reason to suspect that any statement in any document filed with the SEC was anything other than 100% accurate. He was not negligent, much less reckless or actionably indifferent, and for this reason (among others), the claims against him should be dismissed.

### III. PLAINTIFFS IGNORE THE LAW ON SECTION 15 "CONTROL PERSON" REQUIREMENTS

Plaintiffs' Opposition has virtually ignored the Section 15 control person arguments set forth in Dham's moving brief (at 3-4), including the references to:

- *New Jersey Carpenters Health Fund v. NovaStar Mortg., Inc.*, 2011 WL 1338195, *9 (S.D.N.Y. March 31, 2011) ("The power to influence or persuade does not equal control

3

  for purposes of Section 15 of the 1933 Act;" instead, "[w]hat is required is 'the practical ability to direct the actions of people who issue or sell securities.'");

- *In re Global Crossing, Ltd. Sec. Litig.*, 2005 WL 1875445 at *3 (S.D.N.Y. Aug. 5, 2005) ("To be liable as a control person, the defendant must actually possess, in fact, rather than in theory, the ability to direct the actions of the controlled person.");

- *Sloane Overseas Fund, Ltd. v. Sapiens Int'l Corp., N.V.*, 941 F. Supp. 1369, 1378-79 (S.D.N.Y. 1996) (mere status — holding a position as an officer or director, being a shareholder, or having any other particular relationship — is not sufficient to allege control person status); and

- *In re Complete Mgmt. Sec. Litig.*, 153 F. Supp. 2d 314, 331 (S.D.N.Y. 2001) (test for control not a categorical one, but rather functional, and based on the actual exercise of control).

In response, plaintiffs state only that Mr. Dham (and others) "were directors during [an] [o]ffering [p]eriod, and [they] signed registration statements on behalf of the company which contained false and misleading statements … [which] is more than sufficient to plead the element of control." Opposition at 38. The law is not so simple – or simplistic.

Plaintiffs' argument ignores – entirely – the control test requirements set forth in myriad Second Circuit and Southern District of New York cases (including the recently-decided *In re Lehman Bros. Mortgage-Backed Sec. Litig.,* 2011 WL 177976 (2d Cir. May 11, 2011) (discussed in detail in the Directors' Reply, Section III.)) It also ignores – again entirely – the tens of pages of discussions in the Amended Complaint as to how the Satyam management scrupulously kept the directors in the dark while committing their acts of fraud against the company. Thus, and very clearly, plaintiffs' *own pleadings* firmly establish (when one relies on the appropriate tests

4

set forth in the relevant cases) that neither Mr. Dham nor any of the Directors were controlling Satyam senior management generally, much less with respect to the conduct here in issue.

As previously discussed, then, the allegations in the Amended Complaint make no showing at all – and actually controvert any plausible inference – that Mr. Dham (or any of the Directors) had *actual control* over the alleged primary violators.  As to Mr. Dham, the Amended Complaint merely alleges that he was a member of the Board of Directors and signed a single Form S-8 that is alleged to have been false, and the applicable law is clear that such bare, minimal facts, without substantially more, are insufficient to allege actual control.  There are no allegations that Mr. Dham had the power to influence what the Amended Complaint itself pleads to have been the Officer Defendants' alleged fraudulent schemes at Satyam.  For this reason, among others, the Section 15 allegations are also insufficient as a matter of law against Mr. Dham and should also be dismissed.

Dated: San Francisco, California             COOLEY LLP
       July 6, 2011                          GORDON C. ATKINSON (GA-8337)


                                             By:     /s/ Gordon C. Atkinson
                                                 Gordon C. Atkinson (GA-8337))
                                                 Cooley LLP
                                                 101 California Street, 5th Floor
                                                 San Francisco, CA  94111
                                                 Telephone:  (415) 693-2000
                                                 Facsimile:  (415) 693-2000
                                                 E-mail:     atkinsongc@cooley.com

                                             Attorneys for Defendant
                                             VINOD K. DHAM