UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re:

SATYAM COMPUTER SERVICES LTD.
SECURITIES LITIGATION

This Document Applies to: All Cases

09 MD 2027 (BSJ)
(Consolidated Action)

**REPLY MEMORANDUM OF LAW IN SUPPORT OF THE DIRECTOR DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT PURSUANT TO *MORRISON***

**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, New York 10153
Tel: (212) 310-8000
Fax: (212) 310-8007

Attorneys for Defendants Mangalam Srinivasan, Ram Mynampati, V.S. Raju, T.R. Prasad and M. Rammohan Rao

**COOLEY LLP**
101 California Street, 5th Floor
San Francisco, California 94111
Tel: (415) 693-2000
Fax: (415) 693-2222

Attorneys for Defendant Vinod K. Dham

**DEBEVOISE & PLIMPTON LLP**
919 Third Avenue
New York, New York 10022
Tel: (212) 909-6000
Fax: (212) 909-6836

Attorneys for Defendant Krishna G. Palepu

**TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT .................................................................................................................................. 2

I. MPERS' BRIEF CONFIRMS THAT IT HAS NO BASIS TO STATE A CLAIM UNDER MORRISON ................................................................................................ 2

II. ADAMS DOES NOT PLEAD FACTS STATING A SECURITIES ACT OR EXCHANGE ACT CLAIM, IN LIGHT OF MORRISON ............................................... 3

    A. Adams' Does Not and Cannot Plead Facts Showing That -- or Where -- He Purchased Either ADSs or Ordinary Shares Under Four of the Five Employee Option Plans: He Therefore Fails to State a Securities Act or Exchange Act Claim as to Those Plans ................................................................... 3

    B. Adams' Employee Option Exercise Documents Establish that His Purchases of ADSs Pursuant to the ASOP ADS Plan -- His Only Option Purchases -- Occurred in India, and not in a Domestic Transaction Under Morrison .................................................................................................................. 5

CONCLUSION ............................................................................................................................... 8

## TABLE OF AUTHORITIES

**Cases:**                                                                                             **Page(s)**

*In re Alstom SA Sec. Litig.*,
    741 F. Supp. 2d 469 (S.D.N.Y. 2010) ................................................................................ 2, 3

*ATSI Commc'ns v. Shaar Fund Ltd.*,
    493 F.3d 87 (2d Cir. 2007) ....................................................................................................... 5

*In re Citigroup, Inc.*,
    2011 WL 744745 (S.D.N.Y. Mar. 1, 2011) ............................................................................. 5

*Cornwell v. Credit Suisse Group*,
    729 F. Supp. 2d 620 (S.D.N.Y. 2010) ..................................................................................... 2

*In re Elan Corp. Sec. Litig.*,
    2011 WL 1442328 (S.D.N.Y. Mar. 18, 2011) ......................................................................... 2

*Elliot Assocs. v. Porsche Automobil Holding SE*,
    759 F. Supp. 2d 469 (S.D.N.Y. 2010) ..................................................................................... 2

*Horvath v. Banco Commercial Portugues, S.A.*,
    2011 WL 666410 (S.D.N.Y. Feb. 15, 2011) ........................................................................... 2

*Morrison v. Nat'l Austl. Bank Ltd.*,
    130 S. Ct. 2869 (2010) ..................................................................................................... passim

*Plumbers' Union Local No. 12 Pension Fund v. Swiss Reins. Co.*,
    753 F. Supp. 2d 166 (S.D.N.Y. 2010) ................................................................................. 2, 6

*In re Royal Bank of Scot. Group PLC Sec. Litig.*,
    765 F. Supp. 2d 327 (S.D.N.Y. 2011) ..................................................................................... 2

*S.E.C. v. Goldman Sachs & Co.*,
    2011 WL 2305988 (S.D.N.Y. June 10, 2011) ................................................................. 3, 5, 6

*Schoenbaum v. Firstbrook*,
    268 F. Supp. 385 (S.D.N.Y. 1967) ...................................................................................... 6, 7

*Sgalambo v. McKenzie*,
    739 F. Supp. 2d 453 (S.D.N.Y. 2010) ........................................................................... 2, 5, 6, 7

*In re Societe Generale Sec. Litig.*,
    2010 WL 3910286 (S.D.N.Y. Sept. 29, 2010) ........................................................................ 2

*In re Vivendi Universal, S.A. Sec. Litig.*,
    2011 WL 590915 (S.D.N.Y. Feb. 17, 2011) ....................................................................... 2, 3

## TABLE OF AUTHORITIES

**Page(s)**

**Statutes and Rules**:

Fed. R. Civ. P. 12(b)(6)..........................................................................................................1

**Other Authorities**:

BLACK'S LAW DICTIONARY (9th ed. 2009) .......................................................................3

The Director Defendants submit this reply memorandum in further support of their motion to dismiss the First Amended Consolidated Class Action Complaint ("FACC") pursuant to *Morrison v. Nat'l Austl. Bank Ltd.*, 130 S. Ct. 2869 (2010), and Rule 12(b)(6).[1]

## **PRELIMINARY STATEMENT**

Lead Plaintiff Public Employees' Retirement System of Mississippi ("MPERS") does not and cannot dispute that its asserted damages arise solely from its purchases of Satyam ordinary shares on Indian stock exchanges. It made no purchase on any United States exchange. MPERS also does not and cannot distinguish its situation from the unbroken line of post-*Morrison* authority in this District dismissing claims alleged by investors who, like MPERS, purchased securities on foreign stock exchanges. MPERS does not cite a single authority to the contrary, because none exist. Instead, MPERS simply characterizes this unbroken authority as "wrong"; and, notwithstanding the Supreme Court's explicit rejection in *Morrison* of the so-called "effects" test, urges this Court to apply that discredited analysis. As *Morrison* commands that a straight-forward "transactional" test must apply, based solely on where a plaintiff's purchases occurred, the Court should reject MPERS' entreaty. Under that test, MPERS cannot state a claim under Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), and its claim should be dismissed without leave to replead. *See* Point I.

*Morrison* also compels dismissal of the claims asserted by Brian Adams, the only plaintiff who asserts claims under the Securities Act of 1933 (the "Securities Act"). Adams' Securities Act claims fail for many reasons, including because, as his own transaction documents demonstrate, he never acquired *any* securities pursuant to either of the two employee option plans upon which he purports to assert Securities Act claims. As for his Exchange Act claims,

---

[1] Capitalized terms not defined herein have the meaning ascribed to them in the Director Defendants' *Morrison* brief, dated April 18, 2011 (hereinafter, "Def. Mem. at __").

Adams cannot dispute that he acquired all of his Satyam securities directly from Satyam, in transactions occurring *in India*.  Having failed to meet his burden to plead facts demonstrating that he acquired any securities in a domestic transaction, Adams' claims fail.  *See* Point II.

## ARGUMENT

### I. MPERS' BRIEF CONFIRMS THAT IT HAS NO BASIS TO STATE A CLAIM UNDER *MORRISON*

MPERS' basis to prosecute a claim (for itself or others) based on transactions in Satyam's ordinary shares, which trade only on exchanges in India, disappeared when the Supreme Court decided *Morrison* -- as confirmed by court after court in this District and elsewhere, dismissing claims involving such non-U.S. transactions, with no court reaching a contrary result.[2]  MPERS' brief makes clear that it has no argument besides the self-serving assertion that the unanimous authority following *Morrison* has been "wrongly decided" (Pl. Mem. at 62-64) and that it "disagree[s]" with those cases (*id*. at 62).  But MPERS makes no cogent argument as to why these decisions have misinterpreted *Morrison*'s clear command.

MPERS argues that Satyam's registration of ordinary shares with the NYSE for technical purposes (but *not* for trading) in connection with the listing of its ADSs for trading in the U.S. brings MPERS' purchases of ordinary shares on the Indian exchanges within the scope of the U.S. securities laws.  Pl. Mem. at 57-59.  Judge Marrero squarely rejected this argument in

---

[2] *See* Def. Mem. at 7-8, citing *In re Elan Corp. Sec. Litig.*, 2011 WL 1442328, at *1 (S.D.N.Y. Mar. 18, 2011) (Hellerstein, J.); *In re Vivendi Universal, S.A. Sec. Litig.*, 2011 WL 590915, at *12 (S.D.N.Y. Feb. 17, 2011) (Holwell, J.); *Horvath v. Banco Commercial Portugues, S.A.*, 2011 WL 666410, at *3 (S.D.N.Y. Feb. 15, 2011) (Daniels, J.); *In re Royal Bank of Scot. Group PLC Sec. Litig.*, 765 F. Supp. 2d 327, 336-37 (S.D.N.Y. 2011) (Batts, J.); *Elliot Assocs. v. Porsche Automobil Holding SE*, 759 F. Supp. 2d 469, 473-76 (S.D.N.Y. 2010) (Baer, J.); *Plumbers' Union Local No. 12 Pension Fund v. Swiss Reins. Co.*, 753 F. Supp. 2d 166, 175-79 (S.D.N.Y. 2010) (Koeltl, J.); *In re Societe Generale Sec. Litig.*, 2010 WL 3910286, at *4-6 (S.D.N.Y. Sept. 29, 2010) (Berman, J.); *In re Alstom SA Sec. Litig.*, 741 F. Supp. 2d 469, 471-73 (S.D.N.Y. 2010) (Marrero, J.); *Sgalambo v. McKenzie*, 739 F. Supp. 2d 453, 487 (S.D.N.Y. 2010) (Scheindlin, J.); *Cornwell v. Credit Suisse Group*, 729 F. Supp. 2d 620, 623-24 (S.D.N.Y. 2010) (Marrero, J.).

*Alstom*, and Judge Holwell rejected it in *Vivendi*. *See* Def. Mem. at 8 n.9. MPERS elected not even to address -- much less attempt to distinguish -- those holdings. MPERS likewise simply ignores both the SEC's definition of "listed" and the common-sense meaning of "listed security," as defined in BLACK'S LAW DICTIONARY -- i.e., "listed" means listed *for trading* -- both of which buttress the decisions in *Morrison*, *Alstom* and *Vivendi*, and refute MPERS' arguments here. *See* Def. Mem. at 8 n.9. As *Morrison*, and the ten cases in this District applying *Morrison* to dismiss securities law claims, all make clear, the dispositive fact must be the locus of the transaction (*i.e.*, here, the foreign stock exchange), not the mere domestic residence of the plaintiff. MPERS also argues that, because it was "injured in the United States," it should be permitted to assert a claim under the U.S. securities laws. *See* Pl. Mem. at 59-62. But that is the very "effects" test that was explicitly rejected in *Morrison*, in favor of a bright-line "transactional" test. 130 S. Ct. at 2878-79; *see S.E.C. v. Goldman Sachs & Co.*, 2011 WL 2305988, at *7 (S.D.N.Y. June 10, 2011) (Jones, J.) ("*Morrison* repudiated the 'conduct' and 'effects' tests.").

MPERS' claims therefore must be dismissed under *Morrison* and its progeny.

II. ADAMS DOES NOT PLEAD FACTS STATING A SECURITIES ACT OR EXCHANGE ACT CLAIM, IN LIGHT OF *MORRISON*

   A. **Adams' Does Not and Cannot Plead Facts Showing That -- or Where -- He Purchased Either ADSs or Ordinary Shares Under Four of the Five Employee Option Plans: He Therefore Fails to State a Securities Act or Exchange Act Claim as to Those Plans**

The plaintiff bears the burden of pleading facts sufficient to show that the purchases occurred in transactions in the U.S. *See Goldman Sachs*, 2011 WL 2305988, at *8. Adams has repeatedly failed to meet that burden. The Director Defendants have twice moved to dismiss his claims relating to both of the *RSU* Option Plans (as to which he asserts Securities Act, as well as Exchange Act, claims) and the ASOP Ordinary Plans (as to which he asserts only Exchange Act claims) because: (i) Adams fails to plead facts showing that he acquired either

ADSs or ordinary shares pursuant to any of such plans; and (ii) his Exercise Notices confirm that he never acquired any securities under those plans.  *See* Def. Mem. at 3-7.  Despite two opportunities to amend his defective complaint, Adams still does not so plead; nor does he assert in his opposition brief that he purchased any ADSs or ordinary shares pursuant to these plans.  His only response is to assert, *ipse dixit*, that "the named plaintiff need not have participated in all five employee options plans in order to represent participants in same" (Pl. Mem. at 65) even though he never exercised options and acquired any securities at all pursuant to those plans.

Even were Adams' legal theory correct, which it is not (see the Directors' companion reply brief, at Point II.A), it is beside the point.  He lacks a basis for his claims under the Securities Act because he never purchased *any* securities (much less in the U.S.) under the option plan covered by the registration statement that he portrays as actionable.  *See* Def. Mem. at 6; *see also* FACC ¶¶ 340(d) (*RSU* ADS Plan); 340(e) (*RSU* Ordinary Plan).[3]  He therefore simply has no standing to assert these Securities Act claims.  He likewise has no claim based on purchases of ordinary shares because he does not and cannot plead that he ever purchased any such shares under any plan at all.[4]

In a last ditch effort to avoid dismissal, Adams contends that the Court should ignore not only the gaping hole in his fact pleading, but disregard his own option Exercise Notices, bearing his signature, that he sent to Satyam in India, because *he* has not had discovery.  *See* Pl. Mem. at 34 n.21.  This argument is meritless.  Settled law in this and every other Circuit

---

[3] Adams does not even address, much less refute, the Director Defendants' point that an annual report, which included the *RSU* Ordinary Plan as an exhibit, is not a registration statement and therefore cannot serve as the basis for Securities Act liability.  *See* Def. Mem. at 7 n.7.

[4] Any hypothetical securities transactions by Adams pursuant to the *RSU* Option Plans or the ASOP Ordinary Plans would have had to occur in India, not the U.S., and, therefore, would not have been in a domestic securities transaction under *Morrison*.  *See* Def. Mem. at 9-14 and Point II.B, *infra*.

-- as noted only last month by this Court -- permits courts to take judicial notice of the very documents on which a complaint purports to be based or that were in plaintiff's possession.[5] And it is untenable for Adams to assert that he needs discovery to respond to the instant motion, when the dispositive documents are his *own* stock option records that he deliberately chose not to plead or annex to his declaration, even though the same infirmity was raised when defendants moved to dismiss his prior complaint.

> B. **Adams' Employee Option Exercise Documents Establish that His Purchases of ADSs Pursuant to the *ASOP* ADS Plan -- His Only Option Purchases -- Occurred in India, and not in a Domestic Transaction Under *Morrison***

After asking the Court not to consider his own signed option exercise documents, Adams elected not to address the Director Defendants' analysis showing that those documents establish that option exercise transactions by which he acquired Satyam ADSs -- his only option purchases -- relate only to the *ASOP* ADS Option Plan. (Adams asserts only Exchange Act claims with respect to that Plan, not Securities Act, claims.) Those transactions occurred only in off-exchange transactions directly with Satyam in India. *See* Def. Mem. at 3-6, 10-14. Accordingly, *Morrison* mandates dismissal.

Adams argues that because he acquired securities (ADSs) of a class listed (and traded) in the U.S., his purchases of ADSs fall within the scope of the U.S. securities laws under *Morrison*, even though his transactions occurred in India. *See* Pl. Mem. at 66-67. This same

---

[5] As noted in the Director Defendants' moving brief (Def. Mem. at 3 n.4), the Court can consider Adams' own exercise notices (and related documents, including the plans on which his claims are based) without converting the motion to one for summary judgment, because they are documents "'possessed by [and] known to the plaintiff'" and were (or perhaps should have been) "relied upon . . . 'in bringing the suit.'" *Goldman Sachs*, 2011 WL 2305988, at *10 n.11 (Jones, J.) (citing *In re Citigroup, Inc.*, 2011 WL 744745, at *5 (S.D.N.Y. Mar. 1, 2011)); *see also Sgalambo*, 739 F. Supp. 2d at 470 (same) (citing *ATSI Commc'ns v. Shaar Fund Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007)).

argument has been rejected by the two courts that have addressed it in an analogous factual context, precisely because the test under both *Morrison* and the long-established presumption against statutory extra-territoriality upon which *Morrison* is based, is the location of the plaintiff's transaction, not the class of securities or the place of some other person's transaction. *See*, as discussed in Def. Mem. at 13-14, *Sgalambo*, 739 F. Supp. 2d at 487 (dismissing, pursuant to *Morrison*, securities law claims of U.S. purchasers who purchased U.S.-listed securities -- but purchased them on the Toronto Stock Exchange, not the NYSE, where they also traded); and *Schoenbaum v. Firstbrook*, 268 F. Supp. 385 (S.D.N.Y. 1967) (dismissing securities law claims of U.S. purchasers who purchased treasury shares of a class of U.S.-listed securities directly from the issuer in Canada), which *Morrison* cited with approval. Adams, once again, chose simply not to address these cases; and he ignores both his own pleading burden and the locus of his own securities purchases (India). The transactions in *Sgalambo* and *Schoenbaum* are analogous to Adams' purchase of ADSs directly from Satyam *in India* through the exercise of employee options, because all involved U.S. residents who acquired securities of a class listed and traded in the U.S. -- but did so in transactions either directly with the issuer or in on-exchange transactions in Canada.

    Furthermore, as this Court recently explained in *Goldman Sachs*, a "sale" for purposes of the Exchange Act occurs at the moment when the "seller" incurs "'irrevocable liability' to deliver a security," just as a "'purchase' for purposes of the Exchange Act, has been interpreted 'to make an individual a 'purchaser' when he or she 'incurred an *irrevocable* liability to take and pay for the stock.'" 2011 WL 2305988, at *8 (quoting *Swiss Reins.*, 753 F. Supp. 2d at 177) (emphasis in original). Adams acknowledges "that the *location of the transaction*, not 'economic reality,' determines the application of § 10(b) after *Morrison*." Pl. Mem. at 67

(emphasis in original).  Here, Adams does not dispute that -- as set forth by the plan itself -- his option exercises were offers to purchase; but they were not effective, and Adams had no rights at all in the ADSs, until his Exercise Notice and payment (which had to be sent to India) were reviewed, found to be proper and accepted by Satyam in India *and* the securities were *issued* to him by an appropriate entry on Satyam's books in India.  *See* Def. Mem. at 3-5, 10-14, and Christensen Decl. Ex. P, at § 9.[6]  Satyam only incurred "irrevocable liability" to deliver the securities to Adams once all of the requisite steps relating to his employee option exercises (i.e., delivery of both the exercise notice and payment to, *and* acceptance of the same and issuance of the ADS by, Satyam) occurred *in India*.  The transactions whereby Adams acquired *his* Satyam ADSs therefore occurred in India.  Moreover, such conduct in effecting the transactions stands in marked contrast not only to the transactions in *Sgalambo* and *Schoenbaum*, but also to the purchase of ADSs on the NYSE by Lead Plaintiffs Mineworkers Pension Fund, SKAGEN A/S and Sampension KP Livforsikring A/S, as to which the Director Defendants have not sought dismissal, pursuant to *Morrison*.

In short, the "transactional" test announced in *Morrison* requires the Court to look only to the locus of Adams' purchases, not the fact that Adams is a U.S. resident (*see* Def. Mem. at 11-12), or even that he acquired a security of the kind that is listed on the NYSE (*see* Def. Mem. at 13-14), to determine whether Adams pleads a transaction subject to U.S. securities laws. Adams' own employee option exercise documents conclusively establish that *his* purchases of ADSs occurred in transactions involving an offer and payment delivered to and accepted by

---

[6] References to the "Christensen Decl." are to the Declaration of Evert J. Christensen, Jr. in Support of the Director Defendants' Motion to Dismiss Plaintiffs' First Amended Consolidated Complaint, dated April 18, 2011.

Satyam *in India*. Accordingly, Adams' Exchange Act claims (his only claims as to the only securities transactions in which he engaged) must be dismissed.

## CONCLUSION

For the foregoing reasons, and those stated in the Director Defendants' moving brief, the securities law claims of MPERS and Adams should be dismissed with prejudice.

Dated: New York, New York
         July 6, 2011

                                        WEIL, GOTSHAL & MANGES LLP


                                        By: /s/ Irwin H. Warren
                                            Irwin H. Warren
                                            Miranda S. Schiller
                                            Margarita Platkov
                                            Evert J. Christensen, Jr.

                                        767 Fifth Avenue
                                        New York, New York 10153
                                        Tel: (212) 310-8000
                                        Fax: (212) 310-8007

                                        Attorneys for Defendants Mangalam
                                        Srinivasan, Ram Mynampati, V.S. Raju,
                                        T.R. Prasad and M. Rammohan Rao

COOLEY LLP                              DEBEVOISE & PLIMPTON LLP


By: /s/ Gordon C. Atkinson              By: /s/ Jeffrey S. Jacobson
    Gordon C. Atkinson                      Jeffrey S. Jacobson

101 California Street, 5th Floor        919 Third Avenue
San Francisco, California 94111         New York, New York 10022
Tel: (415) 693-2000                     Tel: (212) 909-6000
Fax: (415) 693-2222                     Fax: (212) 909-6836

Attorneys for Defendant Vinod K. Dham   Attorneys for Defendant Krishna G. Palepu