UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
 :
In re: :
 :
 :
SATYAM COMPUTER SERVICES, LTD. : 09 MD 2027 (BSJ)
SECURITIES LITIGATION :
 : (Consolidated Action)
 :
This Document Applies to: 10 Civ. 2877 (BSJ) :
 :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

# REPLY MEMORANDUM OF LAW OF PRICEWATERHOUSECOOPERS LLP IN FURTHER SUPPORT OF ITS MOTION TO DISMISS THE SECOND AMENDED COMPLAINT

DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 450-3800
*Attorneys for Defendant
  PricewaterhouseCoopers LLP*

July 18, 2011

# TABLE OF CONTENTS

PAGE

PRELIMINARY STATEMENT ...................................................................................................1

I. THE COMPLAINT FAILS TO PLEAD CONTROL PERSON LIABILITY AS TO PWC US ..................................................................................................................1

    A. The Complaint Fails to Plead that PwC US Controlled PW India's Audits of Satyam's Financial Statements ............................................................2

    B. The Complaint Fails to Plead that PwC US Was a Culpable Participant in PW India's Alleged Misconduct .....................................................4

II. THE COMPLAINT FAILS TO PLEAD CLAIMS FOR NEGLIGENCE OR NEGLIGENT MISREPRESENTATION ...................................................................6

    A. Plaintiff's Negligence and Negligent Misrepresentation Claims Are Preempted by SLUSA ..............................................................................6

    B. Plaintiff Has Failed To Show that PwC US Owed A Duty to Plaintiff-Investors ...................................................................................................6

        1. New York or Indian Law ........................................................................6

        2. Pennsylvania Law ...................................................................................7

    C. Plaintiff Has Failed To Show Reliance on Any Statement by PwC US ..............8

III. PLAINTIFF'S LATE-FILED CLAIMS AGAINST PWC US SHOULD NOT IMPACT THE COURT'S ANALYSIS OF THE PENDING *FORUM NON CONVENIENS* MOTION .............................................................................................9

CONCLUSION................................................................................................................10

i

# TABLE OF AUTHORITIES

CASES

PAGE

In re Beacon Assocs. Litig.,
  745 F. Supp. 2d 386 (S.D.N.Y. 2010)..................................................................................5

Bilt-Rite Contractors, Inc. v. Architectural Studio,
  866 A.2d 270 (Pa. 2005) ..................................................................................................7, 9

Griffith v. United Air Lines Inc.,
  203 A.2d 796 (Pa. 1964) ......................................................................................................6

Hammersmith v. TIG Ins. Co.,
  480 F.3d 220 (3d Cir. 2007) ................................................................................................6

Lacey v. Cessna Aircraft Co.,
  932 F.2d 170 (3d Cir. 1991) ................................................................................................7

In re Learnout & Hauspie Sec. Litig.,
  230 F. Supp. 2d 152 (D. Mass. 2002) ..................................................................................3

In re NationsMart Corp. Sec. Litig.,
  130 F.3d 309 (8th Cir. 1997) ...............................................................................................9

Odyssey Re (London) Ltd. v. Stirling Cooke Brown Holdings Ltd.,
  85 F. Supp. 2d 282 (S.D.N.Y. 2000)..................................................................................10

Parrott v. Coopers & Lybrand, L.L.P.,
  741 N.E.2d 506 (N.Y. 2000)................................................................................................9

In re Regal Commc'ns Corp. Sec. Litig.,
  No. 94-179, 1996 WL 411654 (E.D. Pa. July 17, 1996) .....................................................8

Robinson v. Fischer,
  No. 09 Civ. 8882, 2010 WL 5376204 (S.D.N.Y. Dec. 29, 2010)........................................6

In re Royal Ahold N.V. Sec. & ERISA Litig.,
  351 F. Supp. 2d 334 (D. Md. 2004).....................................................................................2

Scottish Air Int'l, Inc. v. British Caledonian Group, plc,
  81 F.3d 1224 (2d Cir. 1996) ..............................................................................................10

PAGE

Schnall v. Annuity & Life Re (Holdings), Ltd.,
  No. 3:02 CV 2133, 2006 WL 2331138 (D. Conn. Aug. 10, 2006)............................................3

Stephenson v. PricewaterhouseCoopers, LLP,
  No. 09 CV 00716, 2011 WL 781936 (S.D.N.Y. Mar. 6, 2011)...................................................5

Tellabs, Inc. v. Makor Issues & Rights, Ltd.,
  551 U.S. 308 (2007)..................................................................................................................5

WM High Yield Fund v. O'Hanlon,
  No. 04-3423, 2005 WL 1017811 (E.D. Pa. May 13, 2005)........................................................7

Wallace v. Sys. & Computer Tech. Corp.,
  No. 95-CV-6303, 1997 WL 602808 (E.D. Pa. Sept. 22, 1997) .................................................7

In re Westinghouse Sec. Litig.,
  832 F. Supp. 948 (W.D. Pa. 1993).............................................................................................7

Williams Controls, Inc. v. Parente, Randolph, Orlando, Carey & Assocs.,
  39 F. Supp. 2d 517 (M.D. Pa. 1999) ..........................................................................................8

Yung v. Lee,
  No. 00 CIV.3965, 2002 WL 31008970 (S.D.N.Y. Sept. 5, 2002).........................................10

STATUTES & RULES

Section 20(a) of the Sec. Exch. Act, 15 U.S.C. § 78t(a)......................................................... passim

15 U.S.C. § 78bb(f)(1) ..................................................................................................................6

Fed. R. Civ. P. 12(b)(6)..................................................................................................................9

SECPS § 1000.45, Appendix K – SECPS Member Firms With Foreign Associated
Firms That Audit SEC Registrants, *available at* http://pcaobus.org/Standards/
QC/Pages/SECPS_1000.08_appendices.aspx#appendix_k ...........................................................2

OTHER AUTHORITIES

Restatement (Second) of Conflict of Laws § 148(2) ....................................................................7

Restatement (Second) of Torts § 552(2)....................................................................................7, 8

Defendant PricewaterhouseCoopers LLP ("PwC US") respectfully submits this reply memorandum of law in further support of its motion to dismiss with prejudice the claims against it in the Second Amended Complaint ("Complaint" or "SAC").

## PRELIMINARY STATEMENT

Plaintiff's opposition highlights the fundamental flaws in its Section 20(a) and common-law negligence claims against PwC US. Indeed, plaintiff concedes in its own characterizations of its allegations against PwC US that PwC US's involvement was in "assisting" PW India, not controlling the audits conducted by PW India. (See, e.g., Pl.'s Opp. at 3 ("[PwC US] also played an integral role in assisting PwC India in the filing of Satyam's financials.").) This sort of aiding and abetting allegation – insufficient as it would be even if labeled as such – is doubly flawed when, as here, it is masquerading as a control person claim under Section 20(a). The simple fact is that plaintiff has not pled either element (control or culpable participation) of a Section 20(a) claim; nor has plaintiff established the necessary elements (duty, misrepresentation, reliance) of its negligence-based claims against PwC US.

## I.
## THE COMPLAINT FAILS TO PLEAD CONTROL PERSON LIABILITY AS TO PWC US

The flimsiness of plaintiff's Section 20(a) claim is evidenced by plaintiff's failure to address PwC US's showing that, both as a matter of law and as a matter of the pleaded facts, PwC US did not control PW India's audits of Satyam's financial statements. It is also underscored by plaintiff's suggestion that this Court erred when it twice concluded, consistent with Second Circuit case law, that culpable participation is an element of a Section 20(a) claim. Having failed to plead culpable participation, plaintiff attempts to wish the requirement away.

### A. The Complaint Fails to Plead that PwC US Controlled PW India's Audits of Satyam's Financial Statements

Plaintiff's *only* argument in opposition to PwC US's motion to dismiss the control-person claim is that PwC US is "hid[ing] behind" Appendix K. (Pl.'s Opp. at 44.) This facile mischaracterization of PwC US's position provides no answer to the Complaint's lack of factual allegations evidencing control, the language of Appendix K, or the overwhelming (and now entirely unrefuted) case law under Section 20(a), all of which demonstrate the legal insufficiency of plaintiff's Section 20(a) claim against PwC US. As PwC US has shown, *every* alleged instance of PwC US's involvement in PW India's audits is allegedly tied to and in furtherance of PwC US's Appendix K review. (PwC US Br. at 8-14.) As a result, the sum total of plaintiff's allegations against PwC US is a misguided attempt to conflate an Appendix K review with "control" over an audit. PwC is not "hid[ing] behind" Appendix K; plaintiff is now running from it – and with good reason. As plaintiff must concede, the plain language of Appendix K, which recognizes that "the filing reviewer does not assume any of the responsibilities of the audit partner-in-charge of the engagement or of any concurring reviewer" and that "the filing reviewer can not and does not assume any responsibility for detecting a departure from, or noncompliance with, accounting, auditing, and independence standards generally accepted in the U.S.," makes clear that an Appendix K review is limited and does not put the Appendix K reviewer in control of the audit – control remains with the signing audit firm (here, PW India). App K. § .01(a); In re Royal Ahold N.V. Sec. & ERISA Litig., 351 F. Supp. 2d 334, 385 n.41 (D. Md. 2004). The Appendix K review work upon which plaintiff's Section 20(a) claim rests cannot form the basis of a sustainable control-person claim. (PwC US Br. at 8-12.)

While plaintiff's retreat from Appendix K is unsurprising, even putting Appendix K to the side, plaintiff has no answer to PwC US's now-unchallenged demonstration that allegations

of "collaboration" and "consultation" on an audit – which is all plaintiff alleges here – do not establish control for purposes of Section 20(a).  (See PwC US Br. at 12-14.)  Plaintiff does not dispute that Section 20(a)'s "control" standard is not satisfied by allegations about the alleged control person's "ability to persuade" the primary violator, or by allegations that the alleged control person "influenced" the primary violator, or by allegations that the alleged control person "affected" the actions of the primary violator.  (PwC US Br. at 12 (citing cases).)  Nor does plaintiff dispute that Schnall v. Annuity & Life Re (Holdings), Ltd., 2006 WL 2331138 (D. Conn. Aug. 10, 2006), and In re Learnout & Hauspie Sec. Litig., 230 F. Supp. 2d 152 (D. Mass. 2002), are squarely on point and foreclose a Section 20(a) claim based on the facts pled in the Complaint.  (PwC US Br. at 12-13.)  In fact, Plaintiff does not cite a *single* case in opposition to PwC US's showing that the allegations of the Complaint are insufficient as a matter of law to establish control under Section 20(a).[1]

Plaintiff is also silent when it comes to PwC US's showing that the Complaint's own allegations belie a control claim.  The Complaint alleges that on at least one occasion PW India filed Satyam's 20-F without first sending GCMG a final draft.  (SAC ¶ 106.)  Plaintiff does not dispute that this allegation is inconsistent with control.  (See PwC US Br. at 11.)  The Complaint also alleges five instances in which "[i]t is not apparent that PwC US or PwC GCMG ever received satisfactory answers" to certain "concerns" raised with PW India.  (SAC ¶ 262.)  Again, plaintiff does not dispute that this allegation is inconsistent with control.  (See PwC US Br. at 11.)  These concessions alone require dismissal of plaintiff's Section 20(a) claim.  See Lernout & Hauspie, 230 F. Supp. 2d at 176 (dismissing control person claim against KPMG US where

---

[1] Nor does plaintiff explain how it is anything other than incoherent for it to argue both that PwC US controlled PW India *and* that PW India is the agent for all purposes of PwCIL.  (See PwC US Br. at 14.)

3

"[p]laintiffs themselves point to at least one instance in which KPMG Belgium failed to take a series of steps . . . even when 'instructed' to do so by [KPMG US].").

### B. The Complaint Fails to Plead that PwC US Was a Culpable Participant in PW India's Alleged Misconduct

Plaintiff effectively concedes that it is unable to establish that PwC US was a culpable participant in PW India's alleged audit misconduct (see PwC US Br. at 14-19), so it proceeds as if culpable participation were not a required element of its Section 20(a) claim – let alone one that is subject to a heightened pleading standard. While plaintiff insists in a footnote that it is not "ignor[ing]" that this Court has consistently held that culpable participation *is* a required pleading element and must be pled with particularity (Pl.'s Opp. at 41 n.31), plaintiff does just that. Plaintiff makes no attempt to support or defend its allegations of PwC US's supposed culpable participation – it merely recaps them. As its opposition has laid bare, plaintiff's only response at this point is to attempt to convince this Court that it should entertain an about-face – *in disregard of binding Second Circuit precedent* (see PwC US Br. at 6-7) – and now find that culpable participation need not be pled at all. This Court and the Second Circuit have both determined to the contrary, and plaintiff offers no rationale for any other result here.

The *only* allegations contained in the Complaint (and rehashed in plaintiff's opposition) as support for PwC US's alleged culpable participation are five observations allegedly made by PwC US to PW India during the course of PwC US's review of Satyam's filings over several years. (See SAC ¶ 262; Pl.'s Opp. at 47.) None of these observations suggests that PwC US was a culpable participant in the alleged fraud at Satyam or the allegedly fraudulent audits of PW India. (See PwC US Br. at 16-19.) According to plaintiff, PwC US alerted PW India to "red flags," which plaintiff claims "relate to the very misrepresentations at the heart of the Satyam

4

fraud,"[2] and then "looked the other way." (Pl.'s Opp. at 48-49.) Even were the Court to accept plaintiff's conclusory labels – which it need not, see Stephenson v. PricewaterhouseCoopers, LLP, 2011 WL 781936, at *9 (S.D.N.Y. Mar. 6, 2011) ("[F]lags are not red merely because the plaintiff calls them red.") – plaintiff offers absolutely no answer for why, if PwC US were a culpable participant in PW India's allegedly fraudulent audit, PwC US would have flagged such issues in the first place, commit them to writing, and suggest that PW India take steps to address them. Rather than suggesting culpability, the most plausible inference to be drawn from these allegations is that PwC US diligently performed its limited role as an Appendix K reviewer.

It is ironic that the *only* case plaintiff cites in support of its culpable participation argument against PwC US is Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308 (2007) (Pl.'s Opp. at 48), when plaintiff so plainly loses the battle of competing inferences. See In re Beacon Assocs. Litig., 745 F. Supp. 2d 386, 411(S.D.N.Y. 2010) (dismissing control person claim where "an inference of culpable participation [was] not 'at least as compelling as' the opposing inference that [the alleged control person] was not privy to [the alleged primary violator's] specific doubts") (citing Tellabs, 551 U.S. at 314). Even absent this critical disconnect between plaintiff's own allegations and its theory of PwC US's culpable participation, plaintiff is unable, and does not even try, to demonstrate how its allegations satisfy the standard for pleading culpable participation.[3]

---

[2] In fact, as PwC US explained in its opening brief, the two final observations cited by plaintiff have nothing whatsoever to do with Satyam's fraud, relating as they do to multiple-element contracts and estimation of the profitability of a subsidiary and its operations. (See PwC US Br. at 18.) Plaintiff ignores this inconvenient fact in its opposition.

[3] Indeed, plaintiff merely cites Tellabs to try to dispute PwC US's point that to create a strong inference of culpable participation, "red flags" must be "closer to 'smoking guns' than mere warning signs." (PwC US Br. at 18 (citing cases).) According to plaintiff, "Tellabs instructs that an inference of scienter need not be 'of the smoking gun genre,' or 'even the most plausible of competing inferences.'" (Pl.'s Br. at 48.) Plaintiff misses the point. Tellabs did not involve allegations of so-called "red flags" in the audit context. The cases cited in PwC US's opening brief dealing with "red flags" are entirely consistent with Tellabs' general framework for assessing scienter

PwC US's providing advice (or, as plaintiff asserts, "assistance" (Pl.'s Opp. at 3)) to PW India as to how PW India might improve its audit work does not amount to culpable participation in allegedly fraudulent audits. (See PwC US Br. at 16-19.) The fact that plaintiff cites no case law – and indeed asks the Court to disregard its own case law – highlights the legal insufficiency of plaintiff's Section 20(a) claim against PwC US under the culpable participation prong.

## II.
## THE COMPLAINT FAILS TO PLEAD CLAIMS FOR NEGLIGENCE OR NEGLIGENT MISREPRESENTATION

### A. Plaintiff's Negligence and Negligent Misrepresentation Claims Are Preempted by SLUSA

As set forth in PW India's opening and reply memoranda of law, which PwC US adopts and incorporates, plaintiff's state law claims for negligence and negligent misrepresentation are preempted by SLUSA, 15 U.S.C. § 78bb(f)(1), and must therefore be dismissed.

### B. Plaintiff Has Failed To Show that PwC US Owed A Duty to Plaintiff-Investors

#### 1. New York or Indian Law

As an initial matter, plaintiff does not respond to PwC US's arguments that it has failed to allege the existence of a duty under the law of either New York or India. This failure is a concession that its claims for negligence and negligent misrepresentation must be dismissed if the law of either of these jurisdictions applies.[4] Cf. Robinson v. Fischer, 2010 WL 5376204, at *10 (S.D.N.Y. Dec. 29, 2010) (dismissing claims that plaintiff did not address in its opposition).

---

allegations. In any event, the utter lack of factual allegations supporting plaintiff's conclusory assertion of culpable participation on the part of PwC US, and plaintiff's effort to dissuade the Court from requiring supporting factual allegations as to culpable participation, underscore why plaintiff's Section 20(a) claim should be dismissed.

[4] Plaintiff argues that, because it filed this action in Pennsylvania, Pennsylvania law applies. (Pl.'s Opp. at 57 n.47.) While PwC US agrees that Pennsylvania choice-of-law rules apply because this action was originally filed in Pennsylvania, Pennsylvania's substantive law does not govern plaintiff's claims. (See PwC US Br. at 20 & n.10–11.) Pennsylvania applies the law of the forum with the "most interest in the problem." See, e.g., Hammersmith v. TIG Ins. Co., 480 F.3d 220, 227 (3d Cir. 2007) (citing Griffith v. United Air Lines Inc., 203 A.2d 796, 804–06 (Pa.

### 2. Pennsylvania Law

But even under the Pennsylvania law that plaintiff assumes applies, the claims must still be dismissed because the public investors who assigned their claims to plaintiff are not among the "limited group of persons for whose benefit" the Satyam audit was conducted. Restatement (Second) of Torts § 552(2); Bilt-Rite Contractors, Inc. v. Architectural Studio, 866 A.2d 270, 286 (Pa. 2005) (noting that liability under Section 552 is "sufficiently narrowly tailored as to ensure appropriate limitation"); WM High Yield Fund v. O'Hanlon, 2005 WL 1017811, at *16 (E.D. Pa. Apr. 29, 2005) (rejecting claim based on an alleged misrepresentation made to the securities market generally as outside of the limited-group requirement of Section 552). "[T]he limited group requirement would be meaningless if any member of [the] public who might choose to invest in [a] company's common stock could qualify as part of [a] protected class." WM High Yield Fund, 2005 WL 1017811, at *16 (quoting Wallace v. Sys. & Computer Tech. Corp., 1997 WL 602808, at *23 (E.D. Pa. Sept. 23, 1997)); In re Westinghouse Sec. Litig., 832 F. Supp. 948, 988 (W.D. Pa. 1993) ("Public disclosures made in SEC reports are representations made not to a specific, limited group of persons, but to the world at large."), rev'd in non-relevant part, 90 F.3d 696 (3d Cir. 1996).

An illustration provided as an interpretive aid to Section 552's "limited group" language leaves no room for plaintiff's position. Illustration 10 sets forth the *exact* situation plaintiff tries

---

1964)).  The audits were conducted and the audit opinions were issued in India by PW India with respect to an Indian company.  The fact that certain of the funds that assigned their claims to plaintiff are located in Pennsylvania, or that the assignee-plaintiff has a connection with or filed the claims there, does not mean that Pennsylvania has the greatest interest here.  Indeed, as argued previously, India has the greatest interest in this case, and, therefore, Indian law is most likely applicable.  Alternatively, New York – the only U.S. jurisdiction where any Satyam securities (*i.e.*, the Satyam ADRs) traded – would appear to have a greater interest than Pennsylvania.  Plaintiff's choice of forum is simply irrelevant to which jurisdiction's substantive law should apply.  See Lacey v. Cessna Aircraft Co., 932 F.2d 170, 187 (3d Cir. 1991) (noting that Pennsylvania courts have adopted a "hybrid" choice of law analysis "that combines the approaches of both Restatement II (contacts establishing significant relationships) and 'interest analysis' (qualitative appraisal of the relevant States' policies with respect to the controversy)" (internal quotation marks omitted)); Restatement (Second) of Conflict of Laws § 148(2) (setting forth relevant factors).

7

to allege here: an auditor is retained to furnish an opinion on a company's financial statements knowing that financial statements are customarily used in a wide variety of financial transactions by the company and that they may be relied upon by shareholders and purchasers, but the auditor is not informed of any specific intended use. Restatement (Second) of Torts § 552 illus. 10. According to the Illustration, even where the auditor has issued an unqualified opinion as to those financial statements, and an investor relying upon that opinion suffers a pecuniary loss as a result, the auditor is not liable. Id.; see Williams Controls, Inc. v. Parente, Randolph, Orlando, Carey & Assocs., 39 F. Supp. 2d 517, 529 (M.D. Pa. 1999) (citing Illustration 10 for the proposition that "if . . . an accounting firm is retained to perform a routine audit, without any indication that its work product will be used for some other purpose, then the accounting firm will not be liable for negligent misrepresentation.").[5]

Thus, PW India had no duty to plaintiff or to the funds that assigned their claims to plaintiff, even under Pennsylvania law. *A fortiori*, PwC US, which did not issue any audit opinions as to Satyam, is even further removed from plaintiff and the underlying funds, and plainly had no duty to them under Pennsylvania law or any other law. Plaintiff's opposition does not even attempt to address PwC US's supposed duty to plaintiff or the underlying funds.

### C. Plaintiff Has Failed To Show Reliance on Any Statement by PwC US

Plaintiff also ignores that PwC US did not make any representations with respect to Satyam, much less any misrepresentations, to plaintiff-investors. PwC US did not sign the SEC filings described in the Complaint; nor was PwC US identified by Satyam as its auditor. (PwC

---

[5] The few cases cited by plaintiff that have held that public investors meet the "limited group" requirement ignore Illustration 10, are inconsistent with the authorities cited above, and are otherwise unpersuasive. See, e.g., In re Regal Commc'ns Corp. Sec. Litig., 1996 WL 411654, at *5 (E.D. Pa. July 17, 1996). These cases contain no substantive analysis explaining how the "limited group" requirement can be reconciled with an auditor owing a duty to the entire class of public investors. Indeed, the many cases holding the opposite explain, at length, why such an interpretation would render the concept of duty limitless and therefore meaningless. See supra at 7.

US Br. at 4-5, 24.) And plaintiff does not dispute that no plaintiff-investor ever met or spoke with PwC US, or even knew at the time about PwC US's limited role with respect to Satyam. Plaintiff's failure to show any reliance on PwC US is fatal to its negligence and negligent misrepresentation claims.  See, e.g., Bilt-Rite, 866 A.2d at 277 (requiring a showing of justifiable reliance); Parrott v. Coopers & Lybrand, L.L.P., 741 N.E.2d 506, 509 (N.Y. 2000) (finding no reliance and affirming summary judgment where plaintiff "never read or received defendant's report"); see also In re NationsMart Corp. Sec. Litig., 130 F.3d 309, 322 (8th Cir. 1997) ("[P]laintiffs did not adequately plead actual reliance, because they did not allege specific facts showing that they relied on the Prospectus or any post-offering statements by the defendants.").

### III.

### PLAINTIFF'S LATE-FILED CLAIMS AGAINST PWC US SHOULD NOT IMPACT THE COURT'S ANALYSIS OF THE PENDING *FORUM NON CONVENIENS* MOTION

At its core, this case is about a fraud perpetrated in India by the former management of an Indian company whose financial statements were audited in India by an Indian accounting firm which issued its audit opinions in India. PwC US has demonstrated that plaintiff's claims against it are nothing more than a fatally-flawed, eleventh-hour effort to create the (mis)impression of a U.S. nexus. Plaintiff's opposition to the *forum non conveniens* motion suggests that PwC US might disagree with the merit of that motion. Plaintiff's suggestion is wrong. PwC US agrees completely that this matter belongs in India for all the reasons stated by PW India in its *forum non conveniens* submission. Given the fundamentally flawed nature of the claims asserted against PwC US, not to mention the late, purely tactical addition of PwC US as a defendant in the face of the *forum non conveniens* motion, however, the Court should dismiss the claims against PwC US under Rule 12(b)(6) and then address the pending *forum non conveniens* motion. Such an approach is consistent with the approach taken by other courts in similar

circumstances.  See, e.g., Odyssey Re (London) Ltd. v. Stirling Cooke Brown Holdings Ltd., 85 F. Supp. 2d 282, 291 (S.D.N.Y. 2000) (dismissing claims against one defendant outright and then granting other defendants' motion to dismiss pursuant to *forum non conveniens*); see also Yung v. Lee, 2002 WL 31008970, at *3 (S.D.N.Y. Sept. 5, 2002) (dismissing fraud and negligent misrepresentation claims against BDO Seidman, and separately dismissing claims against BDO International and BDO Binder on *forum non conveniens* grounds).  Indeed, in multi-defendant, multi-claim cases, the Second Circuit has recognized that the *forum non conveniens* doctrine "necessarily requires great flexibility," is not "all-or-nothing," and permits a trial court the discretion to dismiss part of a lawsuit while deciding the merits of other issues because "a contrary rule would reduce the flexibility of the doctrine" and "would allow litigants to skew the Gilbert analysis by joining claims that lack merit."  Scottish Air Int'l, Inc. v. British Caledonian Group, plc, 81 F.3d 1224, 1234-35 (2d Cir. 1996).

## CONCLUSION

For the foregoing reasons, and those set forth in its opening brief, PwC US respectfully requests that the Court dismiss the Second Amended Complaint against it with prejudice.

Dated: July 18, 2011                Respectfully submitted,

By:   /s/ Michael S. Flynn
    Michael P. Carroll
    Michael S. Flynn
    Gina Caruso
    DAVIS POLK & WARDWELL LLP
    450 Lexington Avenue
    New York, New York 10017
    Telephone:  (212) 450-4000
    Facsimile:  (212) 450-3800
    michael.carroll@davispolk.com
    michael.flynn@davispolk.com
    gina.caruso@davispolk.com
    *Attorneys for Defendant PricewaterhouseCoopers LLP*

10