UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE SATYAM COMPUTER SERVICES, LTD., SECURITIES LITIGATION<br><br>This Document Applies to: 10 Civ. 2877 (BSJ) | 09-md-2027 (BSJ)<br><br>(Consolidated Action)<br><br>ECF case |

**REPLY IN FURTHER SUPPORT OF
MOTION TO DISMISS THE SECOND AMENDED COMPLAINT OF
ABERDEEN CLAIMS ADMINISTRATION, INC.
FOR *FORUM NON CONVENIENS***

- i -

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ............................................................................................... 1

ARGUMENT .................................................................................................................................. 2

    I.    THIS CASE BELONGS IN INDIA ................................................................................. 2

    II.    INDIA IS AN ADEQUATE ALTERNATIVE FORUM .................................................. 3

    III.    ABERDEEN'S CHOICE OF FORUM IS NOT ENTITLED TO DEFERENCE .................................. 6

    IV.    THE PUBLIC AND PRIVATE INTEREST FACTORS SUPPORT DISMISSAL ................................ 8

CONCLUSION ............................................................................................................................ 10

# TABLE OF AUTHORITIES

## UNITED STATES CASES

*Advanta Corp. v. Dialogic Corp.*,
  No. C 05-2895, 2006 WL 1156385 (N.D. Cal. May 2, 2006) .......................................... 4

*Aguas Lenders Recovery Grp., LLC v. Suez S.A.*,
  No. 06 Civ. 7873, 2008 WL 612669 (S.D.N.Y. Mar. 3, 2008), *vacated on other
  grounds*, 585 F.3d 696 (2d Cir. 2009) ................................................................ 7

*Alfadda v. Fenn*,
  159 F.3d 41 (2d Cir. 1998) ............................................................................... 8, 9

*Allstate Life Ins. Co. v. Linter Grp. Ltd.*,
  994 F.2d 996 (2d Cir. 1993) ............................................................................. 8, 9, 10

*Allstate Life Ins. Co. v. Linter Grp. Ltd.*,
  No. 91 Civ. 2873, 1992 WL 398446 (S.D.N.Y. Dec. 21, 1992), *aff'd*, 994 F.2d
  996 (2d Cir. 1993) ........................................................................................ 7

*Blanco v. Banco Indus. de Venezuela, S.A.*,
  997 F.2d 974 (2d Cir. 1993) ........................................................................... 4

*Carey v. Bayerische Hypo-Und Vereinsbank AG*,
  370 F.3d 234 (2d Cir. 2004) ........................................................................... 7

*Chhawchharia v. Boeing Co.*,
  657 F. Supp. 1157 (S.D.N.Y. 1987) .................................................................. 4

*Cortec Corp. v. Erste Bank der Oesterreichischen Sparkassen AG*,
  535 F. Supp. 2d 403 (S.D.N.Y. 2008) ................................................................ 9

*DeYoung v. Beddome*,
  707 F. Supp. 132 (S.D.N.Y. 1989) .................................................................... 6

*DiRienzo v. Philip Servs. Corp.*,
  294 F.3d 21 (2d Cir. 2002) ............................................................................. 8, 9, 10

*DiRienzo v. Philip Servs. Corp.*,
  232 F.3d 49 (2d Cir. 2000), *vacated on other grounds*, 294 F.3d 21 (2d Cir. 2002) ......... 5

*Dornberger v. Metro. Life Ins. Co.*,
  961 F. Supp. 506 (S.D.N.Y. 1997) ................................................................... 10

*Europe & Overseas Commodity Traders, S.A. v. Banque Paribas London*,
    940 F. Supp. 528 (S.D.N.Y. 1996), *aff'd*, 147 F.3d 118 (2d Cir. 1998) ............................ 9

*Gilstrap v. Radianz Ltd.*,
    443 F. Supp. 2d 474 (S.D.N.Y. 2006), *aff'd*, 233 F. App'x 83 (2d Cir. 2007) .............. 6, 9

*Gosain v. State Bank of India*,
    689 F. Supp. 2d 571 (S.D.N.Y. 2010), *vacated in part on other grounds*, 414 F.
    App'x 311 (2d Cir. 2011) ................................................................................... 3-4, 8

*Gulf Oil Corp. v. Gilbert*,
    330 U.S. 501 (1947) ................................................................................................... 8

*In re CINAR Corp. Sec. Litig.*,
    186 F. Supp. 2d 279 (E.D.N.Y. 2002) ...................................................................... 5

*In re Lernout & Hauspie Sec. Litig.*,
    208 F. Supp. 2d 74 (D. Mass. 2002) ......................................................................... 5

*Iragorri v. United Techs. Corp.*,
    274 F.3d 65 (2d Cir. 2001) ..................................................................................... 6, 7

*Krish v. Balasubramaniam*,
    No. 1:06-CV-1030, 2007 WL 1219281 (E.D. Cal. Apr. 25, 2007) ........................... 4

*Online Payment Solutions Inc. v. Svenska Handelsbanken AB*,
    638 F. Supp. 2d 375 (S.D.N.Y. 2009) ....................................................................... 7

*Peregrine Myanmar Ltd. v. Segal*,
    89 F.3d 41 (2d Cir. 1996) ........................................................................................ 10

*Piper Aircraft Co. v. Reyno*,
    454 U.S. 235 (1981) ................................................................................................ 10

*Pollux Holding Ltd. v. Chase Manhattan Bank*,
    329 F.3d 64 (2d Cir. 2003) ....................................................................................... 7

*Rahl v. Bande*,
    328 B.R. 387 (S.D.N.Y. 2005) ................................................................................. 7

*Ramakrishna v. Besser Co.*,
    172 F. Supp. 2d 926 (E.D. Mich. 2001) ................................................................... 4

*USHA (India), Ltd. v. Honeywell Int'l, Inc.*,
    421 F.3d 129 (2d Cir. 2005) ..................................................................................... 4

*VictoriaTea.com, Inc. v. Cott Beverages*,
    239 F. Supp. 2d 377 (S.D.N.Y. 2003) .................................................................................. 7

## INTERNATIONAL CASES

*Asha Anilkumar Kataria v. Ashokkumar S/O Kevalchand Bafna*,
    2007(5) Bom. C.R. 125 (India) ........................................................................................... 5

*Dhulabhai v. State of Madhya Pradesh,*
    A.I.R. 1969 S.C. 78 (India) ................................................................................................ 5

*Shoes East Ltd. v. Subhash Dalal*,
    2011 I.A.D. (Delhi)1 (India) .............................................................................................. 5

## SECONDARY AUTHORITIES

Securities and Exchange Board of India (Aid for Legal Proceedings) Guidelines, 2009 .............. 6

Sreenivas Janyala, *Satyam trial to be over in July*, INDIAN EXPRESS, July 15, 2011,
    http://www.indianexpress.com/news/satyam-trial-to-be-over-in-july/804317/0 ........................... 3

*The Fall of Enron*, HOUSTON CHRONICLE,
    http://www.chron.com/news/specials/enron/timeline.html ......................................................... 3

## PRELIMINARY STATEMENT

In opposing dismissal on *forum non conveniens* grounds, Aberdeen emphasizes a handful of factors it claims weigh against dismissal—though they do not—while ignoring many other factors that plainly weigh in favor of such dismissal. The Court should decline Aberdeen's invitation to view this case through a keyhole. Careful consideration of *all* of the factors comprising the *forum non conveniens* analysis leads inescapably to the conclusion that dismissal is warranted: India is the site of the vast majority of the events comprising the alleged fraud, the location of the nearly all of the relevant witnesses and evidence, and by a wide margin the jurisdiction with the greatest interest in this matter.

*First*, there is no doubt that India is an adequate alternative forum. Here, Aberdeen offers only one argument: that trying this case in India may take *too long*. That is a gross oversimplification that ignores the Indian courts' special attention to litigation related to the Satyam case, not to mention the decisions of courts of this and other Circuits reaching a contrary result. Meanwhile, the case law, relevant statutes, and the declarations of Defendants' Indian law expert establish that Aberdeen could pursue relief under statutory or common-law causes of action in India.

*Second*, Aberdeen's choice of a United States forum is not entitled to a high degree of deference. The ordinary presumption in favor of a plaintiff's choice of forum does not apply where, as here, a representative plaintiff sues on behalf of a conglomerate of foreign and domestic institutional investors who chose freely to invest in India but now would prefer to litigate in the United States. Aberdeen is entitled to its preference—but that does not mean that the Court must defer to it.

*Third*, though Aberdeen ignores the many public and private interest factors weighing in favor of dismissal, the Court should not do likewise. The only factor Aberdeen even *addresses* is

- 1 -

the likelihood that trying this matter in the United States would raise difficult choice-of-law issues. But this is just one of numerous factors that taken *together* warrant dismissal.

## ARGUMENT

I.  **THIS CASE BELONGS IN INDIA**

Preliminarily, it cannot be overemphasized that the locus of the billion-dollar fraud alleged in this case, which Aberdeen claims was carried out by Indian executives of an Indian corporation in India, is plainly *India*. Aberdeen's claim that the alleged architects of the fraud filed certain misleading financial statements with the SEC cannot shift the entire case to this shore. Nor can Aberdeen's assertion that a majority of the *losses* it seeks to vindicate were sustained by investors in the United States. *See* Omnibus Mem. Law Opp'n Mots. Dismiss [dkt. no. 327] ("Opp."), at 12. That is an old argument dressed up in new clothes. Aberdeen has always claimed that a majority of the institutional investors it represents are resident in the United States. But the law is well-settled that even a United States resident is not guaranteed recourse to United States courts in seeking to recover losses sustained in purchasing securities *overseas*. And wherever the funds themselves are located, the fact is that more than 80 percent of the shares they owned were purchased *in India*, not here.[1] That India is the location of nearly all of the relevant witnesses and evidence provokes no answer from Aberdeen. And far from requiring trial in a U.S. forum, Aberdeen's last-minute addition of PwC US as a defendant, based

---

[1] Although the residence of *each* of the investors Aberdeen represents is significant for purposes of this Court's *forum non conveniens* analysis, Aberdeen has been coy about where each fund is located, stating only that fourteen of twenty, or "three quarters" (Opp. 12), are resident in the United States. *See also* Compl. ¶ 31. As explained in Defendants' opening brief, the Complaint indicates that the investors made purchases of American Depositary shares ("ADSs") and common stock equaling 7,588,239 shares (counting each ADS as 2 shares of common stock), with common stock purchased in India accounting for the vast majority: 6,212,639 shares, or 81.9 percent. *See* Mem. Law. Supp. Mot. Dismiss for *Forum Non Conveniens* [dkt. no. 305], at 1 n.1; Compl. ¶ 28; Declaration of Fraser L. Hunter, Jr., July 18, 2011, ¶¶ 7-8. Moreover, as best as can be determined based on the limited information provided by Aberdeen, only 27.3 percent of the ADS purchases (187,600 out of 687,800) were made by domestic purchasers. *See* Hunter Decl., July 18, 2011, ¶ 9. In other words, despite Aberdeen's apparent attempt to conceal this fact, *less than five percent* of the securities at issue were purchased by U.S. investors on a U.S. exchange. *See id.* ¶ 10.

on a handful of email messages, betrays the recognition that the center of gravity of this case is not, after all, New York, or even Philadelphia—it is Hyderabad, India.

## II. INDIA IS AN ADEQUATE ALTERNATIVE FORUM

Aberdeen offers no serious objection to the suitability of India as an alternative forum.[2] Its claim that dismissal is improper because resolution of this case would take too long in India grossly oversimplifies the current state of the Indian legal system and disregards the contrary holdings of numerous courts, including the Second Circuit.

Aberdeen's sole argument that a trial in India will take too long rests on general statements about the entire Indian legal system, rather than any indication of how long adjudication of *this* case in India would require. *See* Opp. 14 & n.14. Although Aberdeen gives short shrift to the special treatment Indian courts have afforded Satyam-related proceedings, it has been overtaken by events. Indian media report that the prosecution's case in chief, if not the trial as a whole, will end this summer. *See, e.g.*, Sreenivas Janyala, *Satyam trial to be over in July*, INDIAN EXPRESS, July 15, 2011, http://www.indianexpress.com/news/satyam-trial-to-be-over-in-july/804317/0 (noting that examination was complete as to 208 of 211 anticipated witnesses). Thus, its pace so far is comparable to the pace at which similar matters are decided here. *See, e.g.*, *The Fall of Enron*, HOUSTON CHRONICLE, http://www.chron.com/news/specials/enron/timeline.html (trial of CEO concluded 52 months after criminal investigation began).

Aberdeen also ignores the numerous decisions of courts of this and other Circuits holding that India *is* an adequate forum, even in cases far less likely to receive special treatment. *See Gosain v. State Bank of India*, 689 F. Supp. 2d 571, 584 (S.D.N.Y. 2010) ("The Second Circuit has previously found that the courts of India are an adequate alternative forum."), *vacated in part*

---

[2] Plaintiff's suggestion that defendants PricewaterhouseCoopers LLP and PricewaterhouseCoopers Int'l Ltd. think that the *forum non conveniens* motion lacks merit (Opp. 10 n.9) is wrong. These defendants agree that if this matter belongs anywhere it belongs in India.

*on other grounds*, 414 F. App'x 311 (2d Cir. 2011); *Krish v. Balasubramaniam*, No. 1:06-CV-1030, 2007 WL 1219281, at *3 (E.D. Cal. Apr. 25, 2007); *Advanta Corp. v. Dialogic Corp.*, No. C 05-2895, 2006 WL 1156385, at *5 (N.D. Cal. May 2, 2006); *Ramakrishna v. Besser Co.*, 172 F. Supp. 2d 926, 931 (E.D. Mich. 2001).  "[A]n alternative forum will be held inadequate only in those rare circumstances where it is so clearly … unsatisfactory that it is no remedy at all." *Chhawchharia v. Boeing Co.*, 657 F. Supp. 1157, 1160 (S.D.N.Y. 1987) (internal quotation marks omitted).  Aberdeen has not remotely demonstrated that such "rare circumstances" exist here.[3]

As for whether adequate legal remedies are available in an Indian forum, Aberdeen offers no arguments of its own, merely purporting to adopt those of Class Plaintiffs.  Those arguments are meritless.  The declarations of Defendants' expert, retired Indian Supreme Court Justice Aziz Mushabber Ahmadi, *see* Declaration of Fraser L. Hunter, Jr., May 3, 2011 [dkt. no. 306], ¶ 4 & Exs. 1-3 (Declaration of Aziz Mushabber Ahmadi, Nov. 7, 2009 ("Ahmadi Decl."); Rebuttal Declaration of Aziz Mushabber Ahmadi, Mar. 5, 2010 ("Ahmadi Rebuttal Decl."); Supplemental Rebuttal Declaration of Aziz Mushabber Ahmadi, Apr. 22, 2010 ("Ahmadi Supp. Decl.")), and the statutory and case law cited therein refute the contention that no legal remedy is available in India for claims like those here at issue.  Responsive causes of action exist under the Indian Contract Act of 1872, the 1956 Companies Act, and the common law doctrines of fraud and

---

[3] Even if the Court were to share Aberdeen's concern, the most sensible approach would be a grant of conditional dismissal.  *See, e.g., USHA (India), Ltd. v. Honeywell Int'l, Inc.*, 421 F.3d 129, 136 (2d Cir. 2005) (dismissal without prejudice subject to reinstatement if claims not likely to be resolved with "reasonable dispatch" in India); *Blanco v. Banco Indus. de Venezuela, S.A.*, 997 F.2d 974, 984 (2d Cir. 1993) (noting that "forum non conveniens dismissals are often appropriately conditioned to protect the party opposing dismissal").

deception.[4]  *See* Ahmadi Decl. ¶¶ 32-34; Ahmadi Rebuttal Decl. ¶¶ 21-23; Ahmadi Supp. Decl. ¶¶ 16-21.[5]

Nor are Aberdeen's claims barred by the Securities and Exchange Board of India ("SEBI") Act.  Indian courts have explained that ouster of Civil Court jurisdiction "is not to be lightly inferred" and occurs only "if there is an express provision of law or [ouster] is clearly implied." *Dhulabhai v. State of Madhya Pradesh*, AIR 1969 S.C. 78 (India) ¶ 11.[6]  Sections 15Y and 20A of the SEBI Act, relied upon by Class Plaintiffs, preempt only the narrow range of cases that the agency itself may resolve, and a suit by private investors for money damages is outside that range.  *See* Ahmadi Rebuttal Decl. ¶¶ 9, 11-12.  Accordingly, Indian courts have found that Sections 15Y and 20A did *not* have preemptive effect where—as here—the rights at issue were "pre-existing under common law and not a right created by SEBI Act." *Asha Anilkumar Kataria v. Ashokkumar s/o Kevalchand Bafna*, 2007 (5) Bom. C.R. 125 (India) ¶ 15; *see also Shoes East Ltd. v. Subhash Dalal*, 2011 IAD (Delhi) 1, 4 ("[T]he provisions of Sections 15(Y) and 20A come into force, only if, firstly [SEBI] can decide such a suit for recovery of money."); Ahmadi Rebuttal Decl. ¶¶ 13-15.  Indeed, the Securities and Exchange Board itself has signaled that its jurisdiction does not extend to investors' claims by offering to provide funding for legal proceedings arising from "mis-statement, misrepresentation or omission in connection with the

---

[4]     Defendants do not concede that Aberdeen has stated a claim on any theory.

[5]     To the extent that Aberdeen argues that relief is unavailable because Indian courts do not recognize the "fraud-on-the-market" theory of reliance, the argument is irrelevant to Aberdeen.  The cases cited merely illustrate potential difficulties where the theory is unavailable to plaintiffs proceeding *as a class*.  More importantly, the unavailability of the theory does not preclude dismissal.  *See, e.g., In re Lernout & Hauspie Sec. Litig.*, 208 F. Supp. 2d 74, 92 (D. Mass. 2002) ("As for the fraud-on-the-market theory, courts have so far been reluctant to find a forum inadequate based on the lack of a recognized fraud-on-the-market doctrine."); *see also DiRienzo v. Philip Servs. Corp.*, 232 F.3d 49, 59 (2d Cir. 2000) (rejecting argument that unavailability of fraud-on-the-market theory rendered forum inadequate), *vacated on other grounds*, 294 F.3d 21 (2d Cir. 2002); *In re CINAR Corp. Sec. Litig.*, 186 F. Supp. 2d 279, 298 (E.D.N.Y. 2002) (same).

[6]     The foreign authorities cited in this reply brief are attached to the Declaration of Fraser L. Hunter, Jr., May 3, 2011 [dkt. no. 306].

issue, sale or purchase of securities." Securities and Exchange Board of India (Aid for Legal Proceedings) Guidelines, 2009; Ahmadi Rebuttal Decl. ¶ 19.[7]

### III.   ABERDEEN'S CHOICE OF FORUM IS NOT ENTITLED TO DEFERENCE

Aberdeen insists that the Court must defer to its decision to pursue relief in a U.S. forum. In support it merely recites that a plaintiff's forum choice ordinarily is entitled to deference, as well as suggesting, incorrectly, that the mere invocation of U.S. securities laws automatically precludes dismissal. But the deference ordinarily due a plaintiff's forum choice "is not dispositive." *Iragorri v. United Techs. Corp.*, 274 F.3d 65, 71 (2d Cir. 2001). Rather, it is analyzed on a "sliding scale," based on the plaintiff's "bona fide connection" to the chosen forum and the extent to which "considerations of convenience" favor that forum. *Id.* at 71-72. Customary deference does *not* apply where, as here, a plaintiff sues as the representative of foreign investors and domestic investors who purchased stock overseas.

*First*, Aberdeen advances no claim of its own, but instead acts as representative for twenty institutional investors located in six states and abroad. *See* Compl. ¶ 31. In such a case, neither convenience nor the plaintiff's connection to the domestic forum weighs strongly in favor of the chosen forum. *See Gilstrap v. Radianz Ltd.*, 443 F. Supp. 2d 474, 479 (S.D.N.Y. 2006)), *aff'd*, 233 F. App'x 83 (2d Cir. 2007). *See also DeYoung v. Beddome*, 707 F. Supp. 132, 138 (S.D.N.Y. 1989) (according reduced deference because representative plaintiffs "d[id] not

---

[7] The single case Class Plaintiffs cite as having "rejected efforts by Satyam investors to bring suit in India," Class Pls.' Opp. [dkt. no. 321], at 41, is inapposite. In that case, the "Midas Touch Investors Association" sought relief by proceeding, not in a court, but before an administrative tribunal, the National Consumer Disputes Redressal Commission (NCDRC). *See* Declaration of Sandeep Parekh [dkt. no. 119] ¶ 22 (describing NCDRC as "quasi-judicial body"). The NCDRC, whose powers are conferred by the Consumer Protection Act of 1986, concluded that it lacked jurisdiction under that law—*not* that the SEBI Act would have barred the investors from proceeding in a civil court. *See* Ahmadi Rebuttal Decl. ¶ 20.

claim to be witnesses to anything other than their ownership of an interest in the dispute and their desire, and that of their lawyers, to represent others …").[8]

*Second*, several of the investors that Aberdeen represents are based outside the United States. When foreign parties choose to litigate here, "such choice is entitled to less deference because one may not easily presume that choice is convenient." *Pollux Holding Ltd. v. Chase Manhattan Bank*, 329 F.3d 64, 71 (2d Cir. 2003); *see also Iragorri*, 274 F.3d at 71 ("Even if the U.S. district was not chosen for … forum-shopping reasons, there is nonetheless little reason to assume that it is convenient for a foreign plaintiff."). Moreover, Aberdeen is the *representative* of foreign entities—a circumstance in which courts have held *no* special deference is due. *See VictoriaTea.com, Inc. v. Cott Beverages*, 239 F. Supp. 2d 377, 381 (S.D.N.Y. 2003); *accord Rahl v. Bande*, 328 B.R. 387, 404 (S.D.N.Y. 2005).

*Third*, even to the extent Aberdeen sues on behalf of domestic investors, any deference is diminished by the fact that many of those investors chose to purchase stock overseas. "American parties who engage in international transactions cannot expect always to bring their foreign opponents into a United States forum when every reasonable consideration leads to the conclusion that the site of the litigation should be elsewhere." *Allstate Life Ins. Co. v. Linter Group Ltd.*, No. 91 Civ. 2873, 1992 WL 398446, at *4 (S.D.N.Y. Dec. 21, 1992) (internal quotation marks omitted), *aff'd*, 994 F.2d 996 (2d Cir. 1993); *see also Carey v. Bayerische Hypo-Und Vereinsbank AG*, 370 F.3d 234, 238-39 (2d Cir. 2004) (recognizing "reasonableness

---

[8] The presumption of deference is even weaker in this case because Aberdeen incorporated only *after* the alleged fraud occurred, *see Online Payment Solutions Inc. v. Svenska Handelsbanken AB*, 638 F. Supp. 2d 375, 381-82 (S.D.N.Y. 2009) (finding presumption in favor of plaintiff's forum choice was weak "where, as here, [plaintiff corporation] was not formed until after all the acts that are the subject of this dispute occurred"), and only about *six weeks* before it filed the Complaint in this action, *see Aguas Lenders Recovery Group, LLC v. Suez S.A.*, No. 06 Civ. 7873, 2008 WL 612669, at *6 (S.D.N.Y. Mar. 3, 2008) (finding plaintiff's forum choice not entitled to deference where plaintiff incorporated on same day complaint was filed), *vacated on other grounds*, 585 F.3d 696 (2d Cir. 2009); *see also* Hunter Decl., July 18, 2011, Ex. 1 (Certificate of Incorporation of Aberdeen Claims Administration, Inc.).

of requiring the plaintiff to litigate over … a business transaction in the country where it occurred"). Having elected to purchase India-registered stock on an Indian exchange, domestic investors should expect to litigate disputes arising from those purchases *in India*.

Aberdeen has no answer for any of these arguments. It ignores the relevant legal principles, blithely insisting, in reliance on *DiRienzo v. Philip Services Corp.*, 294 F.3d 21 (2d Cir. 2002), that a plaintiff's desire to enforce U.S. securities laws is "reason enough to litigate in a federal court." Opp. 16-17. But *DiRienzo* specifically acknowledges that a plaintiff's pursuit of relief under U.S. securities laws "is not outcome-determinative." 294 F.3d at 28; *see also Alfadda v. Fenn*, 159 F.3d 41, 47 (2d Cir. 1998) ("Plaintiffs' initial argument, that *forum non conveniens* dismissal is never appropriate when a plaintiff alleges a federal securities . . . cause of action, is clearly wrong."); *Allstate Life Ins. Co. v. Linter Group Ltd.*, 994 F.2d 996, 1002 (2d Cir. 1993) ("While . . . United States courts have an interest in enforcing United States securities laws, this alone does not prohibit them from dismissing a securities action on the ground of forum non conveniens."). Aberdeen's insistence that the Court defer to its forum choice simply because it has invoked U.S. securities laws with respect to a minority of its claims is "clearly wrong," and the Court should reject it.

## IV.   THE PUBLIC AND PRIVATE INTEREST FACTORS SUPPORT DISMISSAL

Although the Court must analyze a range of public and private interests implicated by Aberdeen's forum choice, Aberdeen ignores most of those factors, instead addressing only *one* factor—the likely necessity of a choice-of-law analysis—and otherwise referring the Court to Class Plaintiffs' briefing. Aberdeen's circumspection is understandable, given that the relevant factors counsel strongly in favor of dismissal.

*First*, nearly all of the witnesses whose testimony would be necessary to a trial of this matter are in India. *See Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947); *see also*

Declaration of K.B. Iyappa [dkt. no. 53] ("Iyappa Decl.") ¶¶ 5-6, 9, 18-19.  Securing their testimony would be straightforward in India, but difficult or impossible here.  *See* Ahmadi Decl. ¶¶ 15, 47.  Some witnesses would not testify voluntarily and are far beyond the reach of this Court's subpoena power.  Others are incarcerated in India, and could be called to testify in that country, but not here.  *See* Ahmadi Decl. ¶¶ 30-31; Iyappa Decl. ¶¶ 5-6.  Although Defendants would seek transnational discovery via letters rogatory, such poor substitutes for live testimony are disfavored.  *See Cortec Corp. v. Erste Bank der Oesterreichischen Sparkassen AG*, 535 F. Supp. 2d 403, 412 (S.D.N.Y. 2008); *Gilstrap*, 443 F. Supp. 2d at 488.  Any attempt to resolve this case without securing the live testimony of India-based witnesses—some of whom are defendants in this matter—will prejudice Defendants and deprive the trier of fact of an essential tool for evaluating Plaintiff's claims.  *See Alfadda*, 159 F.3d at 48; *Allstate*, 994 F.2d at 1001.  Moreover, even to the extent all these witnesses *could* be transported here, the cost of doing so likely would be prohibitive.  *See Europe & Overseas Commodity Traders, S.A. v. Banque Paribas London*, 940 F. Supp. 528, 538 (S.D.N.Y. 1996), *aff'd*, 147 F.3d 118 (2d Cir. 1998).  Aberdeen does not even *attempt* to overcome these powerful arguments for dismissal.

*Second,* Defendants likely would be unable to seek contribution, in a United States court, from non-participating defendants or third parties, in the event liability were assigned in a trial of this matter in this forum.  *See Gilbert*, 330 U.S. at 508.  Instead, Defendants would be forced to bring a separate action in India, based on a judgment that might not even be enforceable there.  Again, Aberdeen has no answer for this argument.

*Third*, India's "strong local interest," *Allstate*, 994 F.2d at 1002, in adjudicating Satyam-related disputes is indisputable.  Likewise clear is that India's interest in this matter far outstrips any the United States might have.  The Class Plaintiffs cite *DiRienzo* in an effort to demonstrate

a "compelling" U.S. public interest, *see* Class Pls.' Opp. [dkt. no. 321], at 48-49—but this case is unlike *DiRienzo*, which reversed a *forum non conveniens* dismissal where 80 percent of a foreign corporation's stock traded on *U.S.* exchanges with the observation that the case "d[id] not involve Americans who sought out involvement with a foreign forum." 294 F.3d at 32.  Indeed, this case presents the *opposite* situation:  80 percent of Satyam's stock traded on *Indian* exchanges during the relevant period, and most of the investors either are not U.S.-based, or purchased their shares in India.  Absent the circumstances presented in *DiRienzo*, courts of this Circuit have granted dismissal precisely to avoid offending the sort of public interest evident here.  *See, e.g., Allstate*, 994 F.2d at 1002 (affirming dismissal where liquidation proceeding was "one of the largest in Australian history").  This Court should do likewise.

*Fourth*, and finally, Aberdeen does not dispute that adjudication of this matter here likely will require a difficult choice-of-law analysis, instead merely insisting that that likelihood does not alone dispose of this motion.  Defendants have not claimed otherwise.  Rather, as explained herein, choice-of-law is but one of numerous factors weighing powerfully in favor of dismissal of this case to India.  *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 251 (1981).[9]

## CONCLUSION

For the foregoing reasons, the Court should grant Defendants' motion to dismiss on *forum non conveniens* grounds.

---

[9] The cases Aberdeen cites are not to the contrary.  *See Peregrine Myanmar Ltd. v. Segal*, 89 F.3d 41, 47 (2d Cir. 1996) (noting that "need to apply foreign law is not *alone* sufficient to dismiss" (internal quotation marks omitted, emphasis added)); *Dornberger v. Metro. Life Ins. Co.*, 961 F. Supp. 506, 531 (S.D.N.Y. 1997) (identifying no conflict between New York and Swiss law).

| | |
|---|---|
| Dated:  July 18, 2011<br>           New York, New York | Respectfully submitted,<br><br>/s/ Fraser L. Hunter, Jr.<br>Howard M. Shapiro<br>Fraser L. Hunter, Jr.<br>Brian A. Sutherland<br>Jamie S. Dycus<br>WILMER CUTLER PICKERING<br>    HALE AND DORR LLP<br>399 Park Avenue<br>New York, New York 10022<br>Tel:  (212) 230-8800<br>Fax:  (212) 230-8888<br>fraser.hunter@wilmerhale.com<br><br>*Attorneys for Price Waterhouse, PricewaterhouseCoopers Private Ltd., and Lovelock & Lewes* |