**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>**SATYAM COMPUTER SERVICES LTD.**<br>**SECURITIES LITIGATION**<br>**This document applies to:  10 CV 02877 (BSJ)** | **09 MD 2027 (BSJ)**<br>**(Consolidated Action)**<br>**ECF Case** |

**REPLY MEMORANDUM OF LAW IN FURTHER**
**SUPPORT OF MOTION OF DEFENDANT SATYAM**
**COMPUTER SERVICES LIMITED TO DISMISS THE**
**SECOND AMENDED COMPLAINT**

**JONES DAY**
222 E. 41st Street
New York, New York 10017
(212) 326-3939

*Attorneys for Defendant Satyam Computer Services Ltd.*

# TABLE OF CONTENTS

**Page**

TABLE OF CONTENTS......................................................................................... i

TABLE OF AUTHORITIES ................................................................................. ii

ARGUMENT ......................................................................................................... 3

I.    ABERDEEN CONCEDES THAT THE SECTION 10(B) CLAIMS OF THE
INDIAN STOCK PURCHASERS MUST BE DISMISSED UNDER
MORRISON ............................................................................................... 2

II.    ABERDEEN LACKS STATUTORY STANDING UNDER THE EXCHANGE
ACT............................................................................................................ 2

CONCLUSION....................................................................................................... 6

## TABLE OF AUTHORITIES

**Page**

CASES

*Blue Chip Stamps v. Manor Drug Stores,*
 421 U.S. 723 (1975)..............................................................................................1, 3, 4, 5

*Cornwell v. Credit Suisse Group,*
 729 F. Supp. 2d 620 (S.D.N.Y. 2010), *reconsideration denied*, 729 F. Supp. 2d 620
 (S.D.N.Y. 2010).....................................................................................................................2

*Elliot Assocs. v. Porsche Automobil Holding SE,*
 759 F. Supp. 2d 469 (S.D.N.Y. 2010)..................................................................................2

*Horvath v. Banco Commercial Portugues, S.A.,*
 No. 10 Civ. 4697 (GBD), 2011 WL 666410 (S.D.N.Y. Feb. 15, 2011)..................................2

*In re Adelphia Commc'ns Corp. Sec. & Derivative Litig.,*
 Nos. 03 MD 1529, 03 Civ. 5752, 03 Civ. 5753, 2005 WL 2087811 (S.D.N.Y. Aug.
 30, 2005) ...............................................................................................................................4

*In re Alstom SA Sec. Litig.,*
 741 F. Supp. 2d 469 (S.D.N.Y. 2010)..................................................................................2

*In re Elan Corp. Sec. Litig.,*
 No. 08-cv-8761 (AKH), 2011 WL 1442328 (S.D.N.Y. Mar. 18, 2011) ................................2

*In re Herley Indus., Inc. Secs. Litig.,*
 No. 06-2596, 2009 WL 3169888 (E.D. Pa. Sept. 30, 2009).....................................................4

*In re Royal Bank of Scot. Group PLC Sec. Litig.,*
 765 F. Supp. 2d 327 (S.D.N.Y. 2011)..................................................................................2

*In re Societe Generale Sec. Litig.,*
 No. 08 Civ. 2495 (RMB), 2010 WL 3910286 (S.D.N.Y. Sept. 29, 2010) .............................2

*In re Vivendi Universal, S.A. Sec. Litig.,*
 No. 02 Civ. 05571 (HBP), 2011 WL 590915 (S.D.N.Y. Feb. 17, 2011)................................2

*In re Vivendi Universal, S.A. Secs. Litig.,*
 605 F. Supp. 2d 570 (S.D.N.Y. 2009)..................................................................................4

*Morrison v. National Australia Bank Ltd.,*
 130 S. Ct. 2869 (2010).......................................................................................................1, 2

*Plumbers' Union Local No. 12 Pension Fund v. Swiss Reins. Co.,*
 753 F. Supp. 2d 166 (S.D.N.Y. 2010)..................................................................................2

*S.E.C. v. Goldman Sachs & Co.,*
   No. 10 Civ. 3229 (BSJ), 2011 WL 2305988 (S.D.N.Y. June 10, 2011)...................................2

*Sgalambo v. McKenzie,*
   739 F. Supp. 2d 453 (S.D.N.Y. 2010)....................................................................................2

*Smith v. Ayers,*
   977 F.2d 946 (5th Cir. 1992) ................................................................................................4

*Sprint Communications Company, L.P. v. APCC Servs. Inc.,*
   128 S. Ct. 2531 (2008)..............................................................................................1, 2, 3, 4

*W.R. Huff Asset Mgmt. Co. v. Deloitte & Touche LLP,*
   549 F.3d 100 (2nd Cir. 2008)........................................................................................3, 4

Defendant Satyam Computer Services Ltd. submits this memorandum in reply to the opposition papers filed by Plaintiff Aberdeen Claims Administration, Inc. ("Aberdeen") on June 17, 2011, and in further support of its motion to dismiss the Complaint.[1]

## ARGUMENT

In responding to Satyam's Motion to Dismiss, Aberdeen does not dispute the overwhelming weight of authority supporting the dismissal of the federal claims of the Indian Stock Purchasers; that is, investors who purchased Satyam common stock from the Indian stock exchanges.  In the aftermath of the Supreme Court's decision in *Morrison v. National Australia Bank Ltd.*, 130 S. Ct. 2869 (2010), it is beyond question that the Section 10(b) claims of the Indian Stock Purchasers must be dismissed.  Aberdeen makes no argument whatsoever that these claims should survive.

Additionally, Aberdeen's attempt to bring this action – on behalf of twenty investors from multiple jurisdictions – must be rejected for a number of reasons.  Aberdeen lacks statutory standing under the Exchange Act to bring this action as set forth by the Supreme Court in *Blue Chip Stamps*.  The Supreme Court's decision in *Sprint*, which concerned constitutional standing under Article III of the United States Constitution, is simply not relevant to the issue of statutory standing.  Moreover, Aberdeen continues to ignore the practical difficulties posed as a result of aggregating common law claims of these twenty diverse investors.  These complicated issues are precisely the ones that the Court cautioned of in *Blue Chip Stamps*, when it found that "remote" plaintiffs, such as Aberdeen, did not have standing.

---

[1]    Capitalized terms used herein have the meanings ascribed in the Memorandum of Law In Support Of Motion To Dismiss Of Defendant Satyam Computer Services Limited (the "Opening Brief").

I.   **ABERDEEN CONCEDES THAT THE SECTION 10(B) CLAIMS OF THE INDIAN STOCK PURCHASERS MUST BE DISMISSED UNDER *MORRISON***

Aberdeen does not attempt to rebut the argument that the federal claims of the Indian Stock Purchasers must be dismissed pursuant to *Morrison*.  Instead, Aberdeen concedes the fatal impact of *Morrison* on the claims of the Indian Stock Purchasers by stating that *Morrison* "potentially affect[s]" these claims – a gross understatement.  (Omnibus Memorandum Of Law Of Aberdeen Claims Administration Inc., In Opposition To Defendants' Motions To Dismiss Aberdeen's Second Amended Complaint ("Aberdeen Opp'n") at 52.)

Aberdeen's realization that these claims fail in light of *Morrison* is no surprise given the numerous decisions from this District and elsewhere dismissing claims based on similar foreign transactions.[2]  This uniform interpretation of *Morrison* was recently further confirmed by this Court in *S.E.C. v. Goldman Sachs & Co.*, No. 10 Civ. 3229 (BSJ), 2011 WL 2305988, at *7 (S.D.N.Y. June 10, 2011) (Jones, J.) ("*Morrison* repudiated the 'conduct' and 'effects' tests.").  Accordingly, under *Morrison* and its progeny, this Court should dismiss the Section 10(b) claims of the Indian Stock Purchasers.

II.   **ABERDEEN LACKS STATUTORY STANDING UNDER THE EXCHANGE ACT**

Aberdeen claims that its standing to pursue securities fraud claims on behalf of the investors was established by the United States Supreme Court in *Sprint Communications*

---

[2]      *See* Opening Br. at 10-13 (citing *In re Elan Corp. Sec. Litig.*, No. 08-cv-8761 (AKH), 2011 WL 1442328, at *1 (S.D.N.Y. Mar. 18, 2011) (Hellerstein, J.); *In re Vivendi Universal, S.A. Sec. Litig.*, No. 02 Civ. 05571 (HBP), 2011 WL 590915, at *12 (S.D.N.Y. Feb. 17, 2011) (Holwell, J.); *Horvath v. Banco Commercial Portugues, S.A.*, No. 10 Civ. 4697 (GBD), 2011 WL 666410, at *3 (S.D.N.Y. Feb. 15, 2011) (Daniels, J.); *In re Royal Bank of Scot. Group PLC Sec. Litig.*, 765 F. Supp. 2d 327, 336-37 (S.D.N.Y. 2011) (Batts, J.); *Elliot Assocs. v. Porsche Automobil Holding SE*, 759 F. Supp. 2d 469, 473-76 (S.D.N.Y. 2010) (Baer, J.); *Plumbers' Union Local No. 12 Pension Fund v. Swiss Reins. Co.*, 753 F. Supp. 2d 166, 175-79 (S.D.N.Y. 2010) (Koeltl, J.); *In re Societe Generale Sec. Litig.*, No. 08 Civ. 2495 (RMB), 2010 WL 3910286, at *4-6 (S.D.N.Y. Sept. 29, 2010) (Berman, J.); *In re Alstom SA Sec. Litig.*, 741 F. Supp. 2d 469, 471-73 (S.D.N.Y. 2010) (Marrero, J.); *Sgalambo v. McKenzie*, 739 F. Supp. 2d 453, 487 (S.D.N.Y. 2010) (Scheindlin, J.); *Cornwell v. Credit Suisse Group*, 729 F. Supp. 2d 620, 623-24  (S.D.N.Y. 2010), *reconsideration denied*, 729 F. Supp. 2d 620, 627-29 (S.D.N.Y. 2010) (Marrero, J.).

*Company, L.P. v. APCC Services, Inc.*, 128 S. Ct. 2531 (2008).  (*See* Aberdeen Opp'n at 2.)  But, contrary to Aberdeen's contention, *Sprint* is not "dispositive of Satyam's standing challenge in this case," (Aberdeen Opp'n at 19), and Aberdeen's claims should be dismissed.

Satyam has consistently argued that Aberdeen lacks statutory standing to bring these assigned claims under Section 10(b) of the 1934 Act because Aberdeen is not a "purchaser or seller" of the security, as required by the Supreme Court in *Blue Chip Stamps v. Manor Drug Stores,* 421 U.S. 723 (1975).  In response, Aberdeen cites to *Sprint*, a case dealing exclusively with constitutional standing.  In *Sprint*, the Supreme Court held that assignees of claims by payphone operators against long-distance phone companies had standing to sue under Article III of the U.S. Constitution, even if the assignees did not suffer an injury-in-fact.  *See* 128 S. Ct. at 2541-42.  Nowhere in its opinion, however, did the Court in *Sprint* address the <u>statutory</u> standing requirement that a plaintiff who purports to assert a claim under the Exchange Act.  Indeed, *Sprint* does not even mention – let alone overrule – *Blue Chip Stamps.  Blue Chip Stamps* and the "purchaser or seller" requirement it articulated remain good law after *Sprint*, as do the cases cited by Satyam that have concluded that express assignments of Section 10(b) claims do not confer statutory standing.[3]

While Aberdeen contends that *Sprint* "has been applied in this Circuit to claims asserted under [Section] 10(b) of the Exchange Act," Aberdeen Opp'n at 20, the case submitted by Aberdeen for this proposition – *W.R. Huff Asset Mgmt. Co. v. Deloitte & Touche LLP* –

---

[3]    Contrary to Aberdeen's contention, Satyam does not contend that Section 10(b) claims "are not assignable under any circumstance."  (Aberdeen Opp'n at 22.)  Rather, as stated in its Opening Brief, Satyam's position is that under *Blue Chip Stamps*, "express assignments of Section 10(b) claims are permissible only in 'limited circumstances,'" none of which exist here.  (Opening Br. at 15; *see also id.* at 16, n.13.)

<u>explicitly reserves</u> the question of statutory standing under the 1934 Act.[4]  549 F.3d 100 (2nd Cir.

2008).  In particular, the Second Circuit observes that "Defendants-appellants also challenged

Huff's statutory standing under Rule 12(b)(1)," and while "[t]he District Court denied relief on

all of these grounds . . . the only issue on appeal is whether Huff lacked constitutional standing to

sue."  *Id.* at 104 n.3; *see also In re Adelphia Commc'ns Corp. Sec. & Derivative Litig.*, Nos. 03

MD 1529, 03 Civ. 5752, 03 Civ. 5753, 2005 WL 2087811, at *2 (S.D.N.Y  Aug. 30, 2005).  As

such, the court "express[ed] no view on the denial of defendants' motion to dismiss on any other

ground."  *Id.*  Thus, like *Sprint*, *Huff* addresses only a plaintiff's <u>constitutional</u> standing.  *See id.*

at 109.  *Blue Chip Stamps* (and its progeny, including *Smith v. Ayers*, 977 F.2d 946 (5th Cir.

1992)),[5] control here because Satyam's motion to dismiss is based on statutory grounds to which

*Sprint* (and *Huff*) do not apply.[6]

     Aberdeen also fails to respond to the obvious and significant evidentiary problems

created by the assignments in this case.  For example, since Aberdeen has asserted a common

law fraud claim that would not be subject to the fraud-on-the-market presumption of reliance,

---

[4]    Aberdeen cites to two cases that do not address a plaintiff's <u>statutory</u> standing under the Exchange Act. *See In re Vivendi Universal, S.A. Secs. Litig.*, 605 F. Supp. 2d 570 (S.D.N.Y. 2009); *In re Herley Indus., Inc. Secs. Litig.*, No. 06-2596, 2009 WL 3169888 (E.D. Pa. Sept. 30, 2009).  Indeed, in *Vivendi*, the court observed that the plaintiff in *Huff* satisfied the purchaser/seller requirement by virtue of the fact that it made "investment decisions for its clients and posses[ed] its clients' 'power of attorney' to bring suit on their behalf."  *In re Vivendi Universal, S.A. Sec. Litig.*, 605 F. Supp. 2d at 575 (citations omitted).  In contrast, while the investors here allege that they used investment advisors to purchase and sell Satyam securities, *see* Compl. ¶ 32-34, they do <u>not</u> allege that Aberdeen was that advisor.  Instead, Aberdeen is a complete stranger to the transactions in this case.

[5]    Despite Aberdeen's contention that the decision in *Smith* was "expressly limited to its facts," (Aberdeen Opp'n at 6), the Fifth Circuit applied the policy considerations articulated by *Blue Chip Stamps* to the facts at issue, and held that the assignment did not confer standing on the plaintiff.  *See id.* at 950.  For the reasons articulated in Satyam's Opening Brief, those policy considerations apply with equal force here.

[6]    Aberdeen's theory of standing is founded on the alleged propriety of the assignment of claims from the twenty Investors to the two Aberdeen trusts.  However, counsel for Aberdeen has refused to produce copies of the relevant assignment agreements.  Aberdeen alleges that the assignment in this case was an assignment "for purposes of collection."  (Compl. ¶ 16).  Even assuming, *arguendo*, that *Sprint* is dispositive here, an assignment "for the purposes of collection" appears to be less than a total transfer of ownership of claims required by *Sprint*.  The true nature and propriety of the purported assignment of claims in this case cannot be determined without reviewing the actual agreements.  Having refused to make available these crucial documents that should have been attached as exhibits to the Complaint, Aberdeen has failed to meet its burden of establishing standing to bring this action.

Aberdeen will have to show individualized reliance by each of the Investors, none of whom would be parties to this case and many of whom are located abroad. (Opening Br. at 5.) Considering these evidentiary problems, as well as Aberdeen's attempt to avoid the class action requisites under Rule 23, it is clear that this is precisely the type of case that the Supreme Court sought to prohibit in *Blue Chip Stamps*.

Finally, Aberdeen does not dispute that the choice-of-law issues, which will inevitably arise out of its attempt to aggregate the claims of numerous diversely situated investors, present practical obstacles that hinder the progress of this case. Indeed, Aberdeen acknowledges that "[q]uestions will certainly arise as to which law will apply to Aberdeen's common law claims." (Aberdeen Opp'n at 23.) It appears that Aberdeen's answer to these complex choice-of-law "questions" is to make conclusory assumptions on the applicable law as convenient. For example, Aberdeen concludes, with no choice-of-law analysis whatsoever, that "[b]ecause Aberdeen filed this action in Pennsylvania, Pennsylvania law applies." (Aberdeen Opp'n at 57 n.47.) But as Satyam's Opening Brief clearly lays out, Pennsylvania's choice-of-law rule of governmental interest analysis must first be applied before determining the applicable substantive law. (*See* Opening Br. at 18-19.)

Notwithstanding Aberdeen's claims, it remains difficult if not impossible to determine the applicable substantive law given the paucity of relevant information in the Complaint and the Aberdeen Opposition. The residency of seven of the Investors is still unknown, as are the specific states of residency of the allegedly U.S. resident Indian Stock Purchasers. (*See* Opening Br. at 5-6.) Furthermore, as discussed in the Opening Brief, Indian public records indicate that many of the Indian Stock Purchasers may not be United States residents at all. (*See id.* at 5 n.5.) And Aberdeen's argument that the choice-of-law issue may be put off until a later stage in the

litigation, (Aberdeen Opp'n at 24), is merely an attempt to prolong the life of an action that it has

no right to bring in the first place.  The Court should not allow the complex issues raised by

Aberdeen's common law claims to derail this consolidated action, and should accordingly

dismiss these claims together with rest of the Complaint.[7]

## CONCLUSION

For the foregoing reasons, and those set forth in the Opening Brief, Defendant Satyam

Computer Services Limited respectfully submits that the Court should dismiss the Complaint in

its entirety for lack of standing.  Satyam also respectfully submits that the Court should dismiss

the claims of the Indian Stock Purchasers for failure to state a claim under Rule 12(b)(6).


Dated: New York, New York
       July 18, 2011

                                        By: /s/  Mahesh Venkatakrishnan
                                            Jayant W. Tambe
                                            Geoffrey S. Stewart
                                            Laura W. Sawyer
                                            Mahesh Venkatakrishnan
                                            JONES DAY
                                            222 E. 41st Street
                                            New York, NY 10017
                                            (212) 326-3939
                                            *Attorneys for Defendant Satyam
                                            Computer Services Ltd.*

---

[7]    Realizing that any attempt to bring common law claims based on the purchase of ADSs runs afoul of the Securities Litigation Uniform Standards Act of 19989 ("SLUSA"), Aberdeen clarifies in its Opposition that it "does not advance common law claims relating to the purchase and sale of AD[S]s in light of SLUSA." Accordingly, to the extent the extent the Complaint can be read as bringing ADS-based common law claims, such claims should be dismissed.  Furthermore, Satyam joins in the motion of PricewaterhouseCoopers Pvt. Ltd., Price Waterhouse and Lovelock & Lewes to dismiss, pursuant to SLUSA, the common law claims based on the purchase of Satyam common stock.

## CERTIFICATE OF SERVICE

I, Mahesh Venkatakrishnan, hereby certify that on July 18, 2011, a copy of the foregoing document was filed electronically and served on counsel of record through the Court's CM/ECF system.  Any counsel unable to access the Court's CM/ECF system was served by email.

Dated: July 18, 2011
New York, New York

By:/s/ Mahesh Venkatakrishnan
Mahesh Venkatakrishnan

**Attorney for Defendant Satyam Computer Services Ltd.**