UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | : | |
|---|---|---|
| IN RE: SATYAM COMPUTER SERVICES LTD. SECURITIES LITIGATION | : : : : | NO: 09-MD-2027-BSJ |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
(I) LEAD PLAINTIFFS' MOTION FOR FINAL APPROVAL OF THE PROPOSED
CLASS ACTION SETTLEMENTS WITH DEFENDANTS SATYAM COMPUTER
SERVICES LTD. AND THE PWC ENTITIES AND THE PROPOSED PLAN OF
ALLOCATION; AND (II) LEAD COUNSEL'S MOTION FOR AN AWARD OF
ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**
Max W. Berger
Steven B. Singer
Bruce Bernstein
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 554-1400
Facsimile: (212) 554-1444

**KESSLER TOPAZ MELTZER & CHECK, LLP**
David Kessler
Sharan Nirmul
Christopher Nelson
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056

**GRANT & EISENHOFER P.A.**
Jay W. Eisenhofer
Mary S. Thomas
Deborah A. Elman
485 Lexington Avenue
29th Floor
New York, NY 10017
Telephone: (646) 722-8500
Facsimile: (646) 722-8501

**LABATON SUCHAROW LLP**
Joel H. Bernstein
Louis Gottlieb
Michael H. Rogers
Felicia Mann
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477

*Lead Counsel for Plaintiffs*

Court-appointed Lead Plaintiffs, the Public Employees' Retirement System of Mississippi, Mineworkers' Pension Scheme, SKAGEN AS, and Sampension KP Livsforsikring A/S (collectively, "Lead Plaintiffs"),[1] named plaintiff International Brotherhood of Electrical Workers Local Union #237 ("IBEW") and Brian F. Adams, class representative for the Sub-Classes (together with Lead Plaintiffs and IBEW, the "Class Representatives"), on behalf of themselves and the Class,[2] and the undersigned Court-appointed Lead Counsel, respectfully submit this reply memorandum of law in further support of (i) Lead Plaintiffs' Motion for Final Approval of the Proposed Class Action Settlements with Defendants Satyam Computer Services Ltd. and the PwC Entities and the Proposed Plan of Allocation; and (ii) Lead Counsel's Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses.

## PRELIMINARY STATEMENT

Lead Plaintiffs and Lead Counsel are pleased to advise the Court of the overwhelmingly positive reaction of the Class to the proposed class action settlements. With the exception of one objection – submitted by an individual who has not demonstrated standing to do so – there are no other objections to the proposed settlements, the proposed plan of allocation, or the request for

---

[1] Unless otherwise noted, capitalized terms shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement with Defendant Satyam Computer Services Ltd., dated February 16, 2011 (the "Satyam Stipulation") and the Stipulation and Agreement of Settlement between Lead Plaintiffs and the PwC Entities, dated April 27, 2011 (the "PwC Entities Stipulation") entered into by and among Lead Plaintiffs and the Settling Defendants (together, the "Stipulations").

[2] The Class, as certified in the Court's Preliminary Approval Orders solely for purposes of settlement, is defined as follows: all persons and entities who purchased or otherwise acquired Satyam American Depositary Shares ("ADSs") traded on the New York Stock Exchange (the "NYSE"); and/or were investors residing in the United States at the time they purchased or otherwise acquired Satyam ordinary shares traded on the National Stock Exchange of India or the Bombay Stock Exchange (the "Indian Exchanges"), during the period from January 6, 2004 through January 6, 2009, inclusive and who were damaged thereby. Certain persons and entities are excluded from the Class as set forth in the Court's Preliminary Approval Orders. Also excluded from the Class are any persons who exclude themselves by filing a request for exclusion in accordance with the requirements set forth in the Notice.

an award of attorneys' fees and reimbursement of litigation expenses.[3]  Additionally, although well over two hundred thousand notice packets have been mailed to potential Class Members and nominees, there have been only five requests for exclusion, other than the request for exclusion submitted by Aberdeen Claims Administration, Inc. which was contemplated by the Settlements themselves.[4]

As set forth in the Affidavit of Eric J. Miller, dated July 29, 2011 (the "Miller Mailing Affidavit"), the Court-appointed Claims Administrator in this matter – Rust Consulting, Inc. ("Rust") –  provided notice of the proposed Settlements in accordance with the Court's Preliminary Approval Orders.  *See* Miller Mailing Affidavit ¶¶ 3-9.  As of August 29, 2011, a total of 208,044 copies of the Notice Packet – consisting of the Notice and the Proof of Claim – have been mailed to potential Class Members and nominees.  *See* Supplemental Affidavit of Eric J. Miller Regarding (A) Mailing of the Notice and Proof of Claim and (B) Report on Requests for Exclusion Received to Date (the "Supp. Miller Affidavit") ¶ 3.  In addition, also in accordance with the Court's Preliminary Approval Orders, the Summary Notice was published in *The Wall Street Journal*, *Investor's Business Daily* and *The Financial Times* on June 8, 2011 and was transmitted over the *Business Wire* on the same day.  *See* Miller Mailing Affidavit ¶ 10.

---

[3] As discussed briefly below, the single objection (attached as Exhibit 1 to the Declaration of Louis Gottlieb) was received by Lead Counsel on August 23, 2011, approximately four calendar days after the deadline for objections had passed.  In addition, there is no indication that the objection was filed with the Court as required by the Preliminary Approval Orders.  Moreover, as discussed below, the substance of the objection is wholly meritless.

[4] Aberdeen Claims Administration ("Aberdeen") brought a separate action that is pending before this Court (10-cv-02877).  Based on this pending litigation, Lead Plaintiffs and the Settling Defendants anticipated that Aberdeen would file a request for exclusion. Recognizing that there may be a dispute between the Settling Defendants and Aberdeen as to the validity of the opt out request, it is Lead Plaintiffs' position that the opt out is sufficient and should be recognized by the Court.

The Notice set out, among other things, the essential terms of the Settlements and informed potential Class Members of their rights to opt out of the Class or to object to any aspect of the Settlements. *See* Notice attached as Exhibit A to the Miller Mailing Affidavit. As stated in the Notice and directed by the Court in the Preliminary Approval Orders, any objections to the Settlements, the Plan of Allocation, or Lead Counsel's request for an award of attorneys' fees and reimbursement of litigation expenses, were required to be submitted so as to be received, by Lead Counsel, Settling Defendants' Counsel and the Court, no later than twenty calendar days prior to the scheduled September 8, 2011 settlement hearing – in other words, by August 19, 2011. In addition, any requests for exclusion from the Class were to be submitted to Rust so as to be received by August 19, 2011. *See* Preliminary Approval Orders (Docket Numbers 259 at ¶ 15 and 319 at ¶ 15). That deadline has now passed.

I. **THE REACTION OF THE CLASS SUPPORTS APPROVAL OF THE SETTLEMENTS, THE PLAN OF ALLOCATION, AND THE REQUESTED ATTORNEYS' FEE AND EXPENSE AWARDS**

Lead Plaintiffs and Lead Counsel respectfully submit that their opening papers in support of the proposed Settlements, the proposed Plan of Allocation, and the application for attorneys' fees and reimbursement of litigation expenses, amply demonstrate that approval of both Settlements and the application for attorneys' fees and expenses is warranted. Now that the time for objecting or requesting exclusion from the Class has passed, the reaction of the Class also clearly supports approval. The fact that there is only a single objection and only five unanticipated exclusion requests is a very strong indication that the Settlements are fair and in the best interests of the Class, that the proposed Plan of Allocation is equitable, and that the attorneys' fee and expense requests are reasonable.

As set forth in Lead Plaintiffs' opening papers, the Second Circuit has set forth the "reaction of the class" as the second factor when considering approval of a proposed class action settlement. *See City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974). As the Second Circuit stated in *Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96, 119 (2d Cir. 2005), "the favorable reaction of the overwhelming majority of class members to the Settlement is perhaps the most significant factor in our *Grinnell* inquiry." *See also In re Veeco Instruments Inc. Sec. Litig.*, No. 05-mdl-165, 2007 WL 4115809, at *7 (S.D.N.Y. Nov. 7, 2007) ("The strong favorable reaction of the class is overwhelming evidence that the Settlement is fair, reasonable and adequate"); *Maley v. Del Global Techs. Corp.*, 186 F. Supp. 2d 358, 374 (S.D.N.Y. 2002) (the "overwhelmingly positive response by the Class attests to the approval of the Class with respect to the Settlement and the fee and expense application"). That over two hundred thousand Notice Packets were mailed, yet only one individual objected, strongly supports approval of the Settlements. Notably, although approximately 94% of the float of Satyam ADSs are held by institutional investors, not a single institution filed an objection. *See Banyai v. Mazur,* No. 00-cv-9806, 2007 WL 927583, at *9 (S.D.N.Y. Mar. 27, 2007) ("[A] small number of objections received when compared to the number of notices sent weighs in favor of approval.") (citing *D'Amato v. Deutsche Bank*, 236 F.3d 78, 86-87 (2d Cir. 2001)).

Similarly, the handful of requests for exclusion (*see* Supp. Miller Affidavit ¶ 5), further supports the fairness, reasonableness, and adequacy of the settlement. *See, e.g.*, *In re Global Crossing Sec. & ERISA Litig.*, 225 F.R.D. 436, 458 (S.D.N.Y. 2004) ("The virtual absence of objections and opt-outs . . . constitutes a ringing endorsement of the settlement by class members"); *In re Sumitomo Copper Litig.*, 189 F.R.D. 274, 281 (S.D.N.Y. 1999) ("the absence

of substantial objections and relative absence of opt-outs strongly favors approval of the proposed settlements").

In addition, there has not been a single objection to the proposed Plan of Allocation.[5] This uniform approval provides additional strong support for approval of the proposed Plan of Allocation. *See In re EVCI Career Colls. Holdings Corp. Sec. Litig.*, No. 05-cv-10240, 2007 WL 2230177, at *11 (S.D.N.Y. July 27, 2007) (noting that "[c]ourts [should] consider the reaction of a class to a plan of allocation" and that, where no objections are received "the Plan of Allocation should be approved"); *Maley*, 186 F. Supp. 2d at 367 (finding that "the favorable reaction of the Class supports approval of the proposed Plan of Allocation" where "no Class member ha[d] objected to the Plan"); *In re Am. Bank Note Holographics, Inc. Sec. Litig.*, 127 F. Supp. 2d 418, 430 (S.D.N.Y. 2001) ("the lack of any objections suggests that approval of the Plan of Allocation is warranted").

Finally, with respect to Lead Counsel's motion for an award of attorneys' fees and reimbursement of litigation expenses, the fact that only one individual objected "is powerful evidence that the requested fee is fair and reasonable." *In re Telik, Inc. Sec. Litig.*, 576 F. Supp. 2d 570, 594 (S.D.N.Y. 2008) (citing *In re Prudential Sec. Inc. Ltd. P'ships Litig.*, 912 F. Supp. 97, 103 (S.D.N.Y. 1996) (determining that an "isolated expression of opinion" should be considered "in the context of thousands of class members who have not expressed themselves

---

[5] As set forth in the Memorandum of Law in Support of Lead Plaintiffs' Motion for Final Approval at 22, in determining whether a plan of allocation is fair and reasonable, courts primarily look to the opinion of counsel. Here, Lead Counsel have expressed their belief that the Plan of Allocation, which was prepared with the assistance of Lead Plaintiffs' damages expert, is fair and reasonable. *See* Joint Declaration of Steven B. Singer, Mary S. Thomas, David Kessler, and Joel H. Bernstein in Support of (A) Lead Plaintiffs' Motion for Final Approval of Class Action Settlements with Defendants Satyam Computer Services Ltd. and the PwC Entities and Plan of Allocation, and (B) Lead Counsel's Motion for Attorneys' Fees and Reimbursement of Litigation Expenses ¶¶ 79-80.

similarly") (internal quotations omitted) ; *In re Crazy Eddie Sec. Litig.*, 824 F. Supp. 320, 327 (E.D.N.Y. 1993) (lack of objections to requested fee supported its reasonableness)).

## II. THE SINGLE OBJECTION IS PROCEDURALLY IMPROPER AND SUBSTANTIVELY MERITLESS

The single objection should be disregarded as procedurally infirm and substantively meritless. In support of his objection, the objector has provided two pages of a six-page brokerage statement. (*See* Declaration of Louis Gottlieb in Further Support of (i) Lead Plaintiffs' Motion for Final Approval of the Proposed Class Actions Settlements with Defendants Satyam Computer Services Ltd. and the PwC Entities and the Proposed Plan of Allocation; and (ii) Lead Counsel's Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Gottlieb Declaration" or "Gottlieb Decl.") Ex. 1). Such a submission falls woefully short of meeting the burden of proving class membership. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).[6]

Furthermore, the pages provided do not establish his status as a class member as the class definition requires a class member to not only have purchased Satyam ADSs or ordinary shares during the Class Period, but also to have been "damaged thereby." *See* Gottlieb Decl. Ex. 1. In this respect, the objector's brokerage account only reflects *early 2004* purchases of 595 Satyam ADSs and provides no information whatsoever regarding any disposition of these shares during the 5 year class period thereafter. Accordingly, it is impossible to ascertain whether the objector incurred any recoverable losses such that he has standing as a Class Member to object to the Settlements. *See In re AOL Time Warner, Inc.*, No. 02-cv-5575, 2006 WL 903236, at *15 n.17

---

[6] *See also, Feder v. Elec. Data Sys. Corp.*, 248 F. App'x 579, 581 (5th Cir. 2007) ("Allowing someone to object to settlement in a class action based on this sort of weak, unsubstantiated evidence would inject a great deal of unjustified uncertainty into the settlement process.").

(S.D.N.Y. Apr. 6, 2006) (summarily dismissing objector whose account statements demonstrated a profit on the subject securities, holding "[w]ithout an injury Heyburn does not have standing to object") (citing *State of New York v. Reebok Int'l Ltd.,* 96 F.3d 44, 47 (2d Cir. 1996)); *In re Drexel Burnham Lambert Group, Inc.*, 130 B.R. 910, 923 (S.D.N.Y. 1991), *aff'd,* 960 F.2d 285 (2d Cir. 1992) ("Objectors who are non-Class members lack standing to object to the fairness, reasonableness and adequacy of the Settlement."); *accord Makarova v. U.S.*, 201 F.3d 110, 113 (2d Cir. 2000); *Feder*, 248 F. App'x at 580 ("Because [objector] did not prove his membership in the class, he lacks standing to object."); *Shaw v. Toshiba Am. Info. Sys.*, 91 F. Supp. 2d 942, 974-75 (E.D. Tex. 2000) (noting that objector who failed to substantiate his membership in the class did not have "proper standing" to object to class action settlement). *See also* 4 NEWBERG ON CLASS ACTIONS § 11:55 (4th ed.) ("[A]s a general rule only class members have standing to object to a proposed settlement."). Additionally, the objection was not timely, nor is there any indication that it was filed with the Court as required by the Preliminary Approval Orders.

Apart from these deficiencies, the objection only makes baseless, conclusory assertions that: (1) the settlement amount should be higher; and (2) 17% of the Settlement Funds constitutes an excessive and unreasonable payment to the attorneys. *See* Gottlieb Decl. Ex. 1 ("compensation to be paid to the damaged Claimants . . . borders upon the ridiculous" and the "attorneys have porposed [sic] outlandish and highly confiscatory fees"). As set forth fully in Lead Plaintiffs' opening papers, the Settlements are the result of an extensive mediation process conducted under the auspices of former United States District Judge Layn R. Phillips, a highly experienced and well-respected mediator. Furthermore, the Settlements allow for Class Members to recover a substantial percentage of their maximum recoverable damages now, as opposed to facing the very real risk of recovering a lesser, if any, amount years in the future in

light of, among other things, Satyam's precarious financial condition, and the fact that the Company and several of the PwC Entities are foreign entities. In addition, as also set forth in the opening papers, the fee request is well in-line with what courts have awarded in similar cases.

Accordingly, as Lead Plaintiffs and Lead Counsel have fully satisfied all relevant factors for approval of the Settlements and the requested fee and expense awards, the objection should be rejected. *See In re Lorazepam & Clorazepate Antitrust Litig.,* 205 F.R.D. 369, 378 (D.D.C. 2002) (rejecting broad, unsupported objections because "[they] are of little aid to the Court").

### III. THE MINIMAL NUMBER OF EXCLUSION REQUESTS ALSO SUPPORTS APPROVAL OF THE SETTLEMENTS

As mentioned above, the minimal number of exclusion requests received further indicates the Class's approval of the Settlements and supports the Court's final approval thereof. While over two hundred thousand Notice Packets were mailed, Rust has only received a total of six requests for exclusion from the Class (*see* Supp. Miller Affidavit ¶ 5 and Exhibit A attached thereto), including the anticipated request submitted by Aberdeen.

While not all of the five unanticipated exclusion requests are in strict compliance with the requirements set forth in the Notice, the Settling Defendants do not oppose having these requests be considered valid for purposes of the Settlements. Therefore, Lead Plaintiffs and Lead Counsel request that the five individuals who submitted these requests for exclusion be excluded from the Class. Recognizing that their may be a dispute between the Settling Defendants and Aberdeen as to the validity of the opt out request, it is Lead Plaintiffs' position that the opt out is sufficient and should be recognized by the Court.

### CONCLUSION

For the reasons set forth herein and in Lead Plaintiffs' and Lead Counsel's initial memoranda of law, Lead Plaintiffs and Lead Counsel respectfully request that the Court approve

the proposed Settlements as fair, reasonable and adequate, approve the proposed Plan of Allocation, and approve Lead Counsel's request for attorneys' fees and reimbursement of litigation expenses (including those incurred by Lead Plaintiffs).

| | |
|---|---|
| Dated: September 1, 2011 | Respectfully submitted, |

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**

By: /s Steven B. Singer
Max W. Berger
Steven B. Singer
Bruce Bernstein
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 554-1400
Facsimile: (212) 554-1444

**KESSLER TOPAZ MELTZER & CHECK, LLP**

By: /s David Kessler
David Kessler
Sharan Nirmul
Christopher Nelson
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056

**GRANT & EISENHOFER P.A.**

By: /s Mary S. Thomas
Jay W. Eisenhofer
Mary S. Thomas
Deborah A. Elman
485 Lexington Avenue
29th Floor
New York, NY 10017
Telephone: (646) 722-8500
Facsimile: (646) 722-8501

**LABATON SUCHAROW LLP**

By: /s Joel H. Bernstein
Joel H. Bernstein
Louis Gottlieb
Michael H. Rogers
Felicia Mann
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477

## **CERTIFICATE OF SERVICE**

      I hereby certify that on September 1, 2011 the attached **Reply Memorandum of Law in Further Support of Plaintiffs' Motions for Final Approval of Settlement and for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses, Declaration of Louis Gottlieb and Supplemental Affidavit of Eric Miller in support of the motions** were filed electronically. Notice of these filings will be electronically mailed to all parties registered with the Court's electronic filing system.

                                            /s/ Deborah Elman
                                            Deborah Elman