USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/13/11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

IN RE: SATYAM COMPUTER SERVICES LTD.  :  No.: 09-MD-2027-BSJ
SECURITIES LITIGATION                 :
                                      :

---

### ORDER AWARDING ATTORNEYS' FEES AND EXPENSES

This matter came on for hearing on September 8, 2011 (the "Settlement Hearing") on the motion of Lead Counsel to determine, among other things, whether and in what amount to award Lead Counsel in the above-captioned consolidated securities class action (the "Action") fees and reimbursement of expenses.

The Court having considered all matters submitted to it at the Settlement Hearing and otherwise; and it appearing that notices of the Settlement Hearing substantially in the form approved by the Court were mailed to all Class Members who or which could be identified with reasonable effort, except those persons or entities excluded from the definition of the Class, and that summary notices of the hearing substantially in the form approved by the Court were published in *The Wall Street Journal*, *Investor's Business Daily* and *The Financial Times* and transmitted over *Business Wire* pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and expenses requested.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.  This Order Awarding Attorneys' Fees and Expenses incorporates by reference the definitions in the Stipulations and Agreements of Settlement (the "Settlement Stipulations") and all

terms used herein shall, with respect to the respective Settlement Stipulations, have the same meanings as set forth in the applicable Settlement Stipulations.[1]

2. The Court has jurisdiction to enter this Order Awarding Attorneys' Fees and Expenses, and over the subject matter of the Action and all parties to the Action, including all Class Members.

3. Notice of Lead Counsel's application for attorneys' fees and reimbursement of expenses was given to all Class Members who could be identified with reasonable effort. The form and method of notifying the Class of the motion for attorneys' fees and expenses constituted due, adequate, and sufficient notice to all persons or entities entitled to receive notice of the motion and satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995 (15 U.S.C. § 78u-4, et seq.) (the "PSLRA"), and all other applicable law and rules.

4. Lead Counsel are hereby awarded attorneys' fees in the amount of 17% of the total Settlement Funds, as well as 17% of any additional Settlement Funds recovered by Satyam from the PwC Entities, net of any taxes withheld from the Initial Escrow Accounts and ultimately paid pursuant to Indian tax law, and $1,027,076.94 in reimbursement of litigation expenses advanced or incurred by Lead Counsel collectively while prosecuting this Action (which expenses shall be paid from the Settlement Funds) with interest on such fees and expenses at the same rate as earned by the Settlement Funds from the dates the Settlement Funds were funded to the date of payment, which sums the Court finds to be fair and reasonable. The foregoing award of Attorneys' Fees and

---

[1] The Settlement Stipulations are: the Stipulation and Agreement of Settlement with Defendant Satyam Computer Services Ltd., dated February 16, 2011 (the "Satyam Stipulation") and the Stipulation and Agreement of Settlement between Lead Plaintiffs and the PwC Entities, dated April 27, 2011 (the "PwC Entities Stipulation") entered into by and among Lead Plaintiffs and the Settling Defendants (together, the "Settlement Stipulations").

Expenses shall be payable immediately in accordance with the terms set forth in ¶¶ 19 and 16, respectively of the Satyam Stipulation and the PwC Entities Stipulation. The award of attorneys' fees shall be allocated among Plaintiffs' Counsel in a manner which, in the opinion of Lead Counsel, fairly compensates Plaintiffs' Counsel for their respective contributions in the prosecution and settlement of the Action.

5. Also in accordance with the terms set forth in ¶¶ 20 and 17, respectively of the Satyam Stipulation and the PwC Entities Stipulation, Lead Counsel who seek to be paid their share of the attorney fee and expense award prior to the Effective Date shall be jointly and severally obligated to make appropriate refunds or repayments of attorneys' fees and expenses and any interest thereon paid to Lead Counsel to the Settlement Funds or to the Settling Defendants who contributed the Settlement Funds in direct proportion to their contributions to the Settlement Funds, as applicable, plus accrued interest at the same net rate as is earned by the Settlement Funds, if the Settlements are terminated pursuant to the terms of the Stipulations or if, as a result of any appeal or further proceedings on remand, or successful collateral attack, the award of attorneys' fees and/or litigation expenses is reduced or reversed by final non-appealable court order.

6. Class Representative the Public Employees' Retirement System of Mississippi is awarded $14,400 as reimbursement for its costs and expenses directly relating to its services in representing the Class.

7. Class Representative Mineworkers' Pension Scheme is awarded $98,711 as reimbursement for its costs and expenses directly relating to its services in representing the Class.

8. Class Representative SKAGEN AS is awarded $59,000 as reimbursement for its costs and expenses directly relating to its services in representing the Class.

9.      Class Representative Sampension KP Livsforsikring A/S is awarded $21,000 as reimbursement for its costs and expenses directly relating to its services in representing the Class.

10.     Subclass Representative Brian F. Adams is awarded $2,000 as reimbursement for his costs and expenses directly relating to his services in representing the Class and Subclass.

11.     A litigation fund in the amount of $1,000,000 from the Satyam Settlement Fund shall be established to fund the continued prosecution of the Action against the Non-Settling Defendants.

12.     In making this award of attorneys' fees, and reimbursement of expenses to be paid from the Settlement Funds, the Court has considered and found that:

    (a)     The Settlements have created a total settlement amount of $150.5 million in cash that is already on deposit and has been earning interest, and that numerous Class Members who submit acceptable Proofs of Claim will benefit from the Settlements created by the efforts of Lead Counsel;

    (b)     The fee sought by Lead Counsel has been reviewed and approved as fair and reasonable by the Court-appointed Lead Plaintiffs, sophisticated institutional investors that were substantially involved in all aspects of the prosecution and resolution of the Action;

    (c)     To date, over 208,000 copies of the Notices were disseminated to putative Class Members stating that Lead Counsel were moving for attorneys' fees not to exceed 17% of proposed Settlements and reimbursement of expenses incurred in connection with the prosecution of this Action. Only one objection to the terms of the Settlement and the fees and expenses requested by Lead Counsel contained in the Notice was received, although it was untimely and not filed with the Court as required by the Preliminary Approval Orders. The objector has not proven that he is a member of the Class, nor does he have standing; even if he did, his objection has been considered and overruled;

4

(d) Lead Counsel have conducted the litigation and achieved the Settlements with skill, perseverance and diligent advocacy;

(e) The Action involves complex factual and legal issues and, in the absence of settlement, would involve lengthy proceedings with uncertain resolution of the complex factual and legal issues;

(f) Had the Settlements not been achieved, there would remain a significant risk that Lead Plaintiffs and the other members of the Class may have recovered less or nothing from the Settling Defendants; and

(g) The amount of attorneys' fees awarded and expenses reimbursed from the Settlement Funds are fair and reasonable and consistent with awards in similar cases.

13. Any appeal or any challenge affecting this Court's approval regarding any attorneys' fees and expense application shall in no way disturb or affect the finality of the Judgments entered with respect to the Settlements.

14. Continuing jurisdiction is hereby retained over the parties and the Class Members for all matters relating to this Action, including the administration, interpretation, effectuation or enforcement of the Settlement Stipulations and this Order, including any further application for fees and expenses incurred in connection with administering and distributing the settlement proceeds to the members of the Class.

15. In the event that any of the Settlements are terminated or do not become Final or the Effective Date does not occur in accordance with the terms of the applicable Settlement Stipulation(s), this Order, except for ¶ 5 above, shall be rendered null and void to the extent provided by the applicable Settlement Stipulation(s) and shall be vacated in accordance with the terms of the applicable Settlement Stipulation(s).

16. There is no just reason for delay in the entry of this Order, and immediate entry by the Clerk of the Court is expressly directed.

Dated:   New York, New York
         September 13, 2011

                                                                                                                                              */s/ Barbara S. Jones*
                                                    Honorable Barbara S. Jones
                                                    **UNITED STATES DISTRICT JUDGE**